## GRANT *v.* SOSEBEE.

No. 8211. JULY 18, 1931.

*J. C. & H. E. Edwards,* for plaintiff in error.
*Hamilton Kimzey* and *Wheeler & Kenyon,* contra.

HILL, J. Miss Nora Sosebee obtained a general and special judgment against Mrs. Rachel A. Grant and E. E. Loudermilk, for the principal sum of $910.63, together with interest, attorneys' fees, and costs, the judgment being based on a promissory note secured by a deed to described realty. To the levy of the execution Mrs. Grant filed a claim to the property based on year's support set apart to Mrs. Grant out of her deceased husband's estate, on May 3, 1926, by the court of ordinary of Habersham County. The jury trying the case found for the plaintiff in fi. fa., and found the property subject to the levy. A motion for new trial was overruled, and the defendant in fi. fa. excepted. This is the second appearance of this case in the Supreme Court. The first trial resulted in a verdict and judgment for the plaintiff in fi. fa. On review the Supreme Court reversed the judgment refusing a new trial. *Grant* v. *Sosebee,* 169 *Ga.* 658 (151 S. E. 336).

In ground 4 of the motion for new trial it is alleged that the court erred in charging the jury as follows: "You are instructed gentlemen, that the burden is on the plaintiff in fi. fa. Miss Nora Sosebee, to make out her case in the first instance by a preponderance of evidence in the case; and you are further instructed that when the execution was introduced in evidence with the levy thereon, that that made out a prima facie case for the plaintiff, Miss Sosebee, and then the burden shifted to the claim-

ant, Mrs. Grant, to make good her title." The movant contends that the error in this charge consists in the instruction as to what amount of proof would make a prima facie case for the plaintiff and shift the burden to the claimant; that the plaintiff would have to go further and show title or possession in the defendant when the security deed was executed and delivered, and would have to put in evidence the deed in escrow and the security deed, before the plaintiff would make a prima facie case; and that such instruction was erroneous and misleading to the jury, to the injury of the movant. The charge thus excepted to was not error.

■ Ground 6 of the motion was that the court erred in charging the jury as follows: "You are further instructed, gentlemen, that if Mrs. Grant represented to Miss Sosebee, at the time the deed was made by her to Miss Sosebee, that she owned the property in question in her own right, and if Miss Sosebee, acting in good faith on that representation, took a deed to the property from Mrs. Grant and parted with her money, let Mrs. Grant have money, then you are instructed, if she acted in that way and in good faith, thinking the property was Mrs. Grant's, the statement having been made to her by Mrs. Grant, if any such statement was made, and parted with her money in that way and took a deed to the property, then you are instructed that Mrs. Grant would be estopped in law from disclaiming that later; and if you find that to be the facts of this case, then your finding would be against the claimant and in favor of the plaintiff in fi. fa." The movant "contends that this charge is not the law under the facts in this case, because there is no rule of law or evidence which would render a mere oral claim of title to land in the defendant in a claim case sufficient to establish a title to land, whether a debt or ordinary judgment or foreclosure of a lien; and therefore such charge is contrary to law; and . . further contends that a mere oral claim of title by the defendant, even though it be [?] was the widow in this case, would be sufficient to defeat a judgment afterwards rendered, setting apart the identical land for a year's support out of the land as the land of her husband. Therefore the court erred in giving in charge the above instruction to the jury, which was liable to mislead the jury, and movant contends that such charge did mislead the jury, contrary to law, to the injury and damage of movant." We are of the opinion that the exceptions to the fore-

going charge are well taken. It was held when this case was formerly before this court, as reported in the 169 *Ga.* 658 (supra); that the year's support of plaintiff in error, Mrs. Rachel Grant, is superior to the security deed of Miss Sosebee; and it follows that the charge of the court is contrary to law.

■ The verdict was not authorized by the evidence. There is no evidence in the record to show just what portion of the $294.39, if any, was for the support of Mrs. Grant after the death of her husband. Miss Nora Sosebee testified: "I am the plaintiff in this case. At the time I loaned this money I had a conversation with Mrs. Grant before I let my money go; and she said it was her property, this property described in this deed, and that there was nothing against it at the time. I advanced this money and loaned it to her on the faith of that statement. I had no knowledge that she did not own it. Paul Grant was not living at the time. He had been dead ten or twelve years. This note for $616.30 was for money that was advanced to pay off another note which Mrs. Rachel Grant had signed, payable to Mrs. W. N. Sosebee. The consideration of the $294.39 was for a store account for the whole family, and I do not know how many was in the family. Different ones would come and get things, Mrs. Grant and Mr. Loudermilk and Mrs. Loudermilk, and different ones of the children. I guess most of it was charged to Loudermilk, but it was put down there in Mrs. Grant's name, and different ones of the children who would come and get it. Paul Grant was dead at the time the account was made, the husband of Mrs. Grant. The consideration of this $294 arose after the death of Paul Grant. The $293 note and the $600 note, and another transaction, constituted the entire consideration of the deed. At the time I took the deed I paid over to Mr. Kimsey for Mrs. Grant, because he came to me and asked me for the money, and I paid it over to Mr. Kimsey. I heard part of the conversation about the money. I was with them one time. Mrs. Grant certainly did authorize him to borrow that money." Mrs. Grant, the claimant, testified: "This is Alex Loudermilk's debt. I am security on it. It is not my debt. I got none of the consideration of this deed; not a penny of it went on my support. I bought groceries from Miss Nora Sosebee, but I paid her for them, and I don't owe her anything. I made no joint account with Alex Loudermilk. I just signed this note for

him to have a chance to renew and pay on it. I am only security." There is no evidence in the record that the whole of the consideration of the deed or any particular part of the same was for the support of Mrs. Grant; and therefore the verdict is contrary to law. As held in this case when it was formerly before this court, the twelve months support set aside was superior to the security deed; and unless it can be shown that the whole of the consideration of the security deed or some definite portion of it was given for the support of Mrs. Grant after the death of her husband, the plaintiff can not recover as against the twelve months support set aside, it being superior to the security deed. Civil Code (1910), § 4041; *Houston* v. *Phillips,* 159 *Ga.* 344 (125 S. E. 713); *Anders* v. *First Nat. Bank,* 165 *Ga.* 682 (142 S. E. 98), *Gibbs* v. *Land,* 136 *Ga.* 261 (71 S. E. 136).

■ Certain of the grounds of the motion for new trial are but elaborations of the general grounds. Other grounds not here specifically dealt with are without merit.

■ The court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except*

GILBERT and HINES, JJ., dissenting. We adhere to the views expressed when the case was formerly before this court. *Grant* v. *Sosebee,* 169 *Ga.* 658 (supra). We insist that the plaintiff in error, who was a defendant in the court below, and who suffered a judgment to go against her on the precise debt, with a special lien on the precise land, can not afterwards file a claim to the land. Secondly, having, under the undisputed facts of the case, asserted ownership and title and borrowed money on the strength of such ownership and executed the deed to secure the debt, the owner can not afterwards cause the same to be set aside as year's support and claim the land under that judgment. To do so would be to hold that a later judgment (year's support), to which the creditor was not a party, may have the effect of superseding or invalidating the previously obtained security deed and the judgment and special lien based thereon. According to the evidence in this case, it nowhere appears that the land was a part of the husband's estate, but that can only be inferred from the fact that the ordinary rendered a judgment setting it aside as a year's support. A judgment setting aside, as a year's support, property which was not a part of the husband's estate, but to which a third party holds

title, would be a mere nullity as to such third party. Assuming that the property was a part of the deceased husband's estate, the wife for about twelve years treated the property as her own, as an heir at law, holding it out and representing it as her own, borrowing money on the credit of such ownership, executing a security deed to the property. The widow in equity and good conscience is estopped from thereafter claiming under a subsequent judgment setting it apart as a year's support. The case has been twice tried before a judge and jury, and in each instance the finding has been in favor of Miss Sosebee; and under the additional facts brought out in the present case we think the judgment refusing a new trial should be affirmed.

The decisions in *Houston* v. *Phillips,* 159 *Ga.* 344, *Anders* v. *First National Bank,* 165 *Ga.* 682, and *Gibbs* v. *Land,* 136 *Ga.* 261 (supra), are not applicable to the facts of this case, because in each of those cases the year's support was set aside to the widow *and minor children.* Where the year's support is set aside to the widow only, her rights are entirely different. "When a year's support is set apart to a widow, it becomes hers absolutely and unconditionally, and she can sell or dispose of it just as any other person might dispose of his property." *Lowe* v. *Webb,* 85 *Ga.* 733 (11 S. E. 845); *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494, 497 (37 S. E. 767).