50093. SUMMERS v. MILCON CORPORATION et al.

Evans, Judge.

Milcon Corporation, a general contractor, was engaged in construction of the Somerset Apartments in DeKalb County. The project superintendent, F. Allen Miller, employed by Milcon Corporation, was informed that a copper pipe in building "P" had been damaged and as a result of which there was a leak in the wall. Miller immediately directed one Tom Curlee to repair the leak. Curlee was not an employee of Miller, but was employed by A & D Plumbing Company, a subcontractor on this project.

Curlee immediately repaired the leak by the usual plumbing method of soldering with a torch, testing for a leak after the water was turned on, and making sure there was no fire from the torch. About six hours later, a disastrous fire occurred in the floor above, in the end of building "P" which was under construction.

Ray T. Summers, owner of the apartments, sued Milcon Corporation, A & D Plumbing, and Tom Curlee, for damages arising from the fire.

After discovery, Milcon Corporation moved for

summary judgment, which was granted. Plaintiff appeals. *Held:*

1. Questions of negligence as to cause and proximate cause, and as to what negligence, and whose negligence, constitutes proximate cause of damages in tort cases are generally solely for the jury, except in plain and palpable cases. See *Chastain v. Atlanta Gas Light Co.,* 122 Ga. App. 90, 91 (2) (176 SE2d 487), and cases cited therein.

2. The effect of the summary judgment granted to Milcon, the general contractor, was to hold that there was no question whatever but that the fire began as a result of Curlee's efforts towards repairing the plumbing. But no positive proof has been offered as to how the fire started, and only by inference may it be assumed that Curlee's activities had any part therein.

3. One of the inferences that could arise in this case is that because of the use of an acetylene torch in the soldering and the subsequent location of the fire it could have started as a result of Curlee's repair of the leak. Curlee emphatically denies that he started the fire, and testified positively that there was no sign of fire after he repaired the leaking copper pipe.

4. With an inference only as to what caused the fire, may a summary judgment be granted, holding that Curlee caused it? No indeed! In summary judgments, all inferences, and all ambiguities, and all doubts, are resolved *against the movant for summary judgment and in favor of the party opposing the grant of summary judgment.* See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1), 3 (126 SE2d 442); *McCarty v. National Life &c. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Strickland v. Doran,* 130 Ga. App. 396, 397 (203 SE2d 567). For cases involving mysterious fire damage and holding against grant of motion for directed verdict see *Kilgore v. Nasworthy,* 124 Ga. App. 261 (183 SE2d 481); and *Lincoln Properties v. Stasco Plumbing,* 130 Ga. App. 767 (204 SE2d 449). The motion for summary judgment was improperly granted.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Argued January 14, 1975 — Decided February 17, 1975 — Rehearing denied March 6, 1975 —

184

John H. Calhoun, Jr., Powell, Goldstein, Frazer & Murphy, John D. Lowery, for appellant.

Swift, Currie, McGhee & Hiers, Warner S. Currie, Samuel P. Pierce, Jr., Greer & Klosik, Richard G. Greer, for appellees.