### 35296, 35298. PIERCE v. MOORE et al. (two cases). 35297. PIERCE v. GASKINS et al.

HILL, Justice.

In October, 1977, the probate court of Berrien County awarded Mrs. W. A. Pierce as year's support two lots owned by her deceased husband. In May, 1978, the Berrien Superior Court rendered a default judgment against Mrs. Pierce based on a complaint by Morrison's Home Center, Inc., alleging that she had purchased materials to remodel a restaurant, and had failed to pay for the materials. Execution was issued upon the judgment.

In January, 1979, a levy to satisfy the judgment was made upon the property which had been awarded as year's support. Prior to sale, the widow filed an affidavit of illegality alleging that execution could not issue against year's support property where the debt had not been incurred for her widow's support and maintenance. After the affidavit of illegality had been filed and served, the property was sold under a sheriff's deed to satisfy the default judgment.

The widow brought an action against the sheriff, the

levying officer and the purchaser, for damages and to cancel the sheriff's deed and for other equitable relief. The trial court granted the defendants' motions for summary judgment on two counts of the complaint which had alleged that the execution and sale were invalid in the face of the affidavit of illegality, but made no ruling on the third count which alleged that one of the defendants had chilled the bidding at the sheriff's sale. The widow appeals.

1. The widow relies upon *Houston v. Phillips,* 159 Ga. 344 (1) (125 SE 713) (1924), where the court held: "Where property of a deceased person has been set apart, in conformity with the statute, as a year's support for the widow and minor children of the deceased, such property can not be sold at sheriff's sale under a fi. fa. based on a common-law judgment against the widow, based on a debt of the widow that was not created for the support and maintenance of the family." She argues that this rule is applicable not only to property set aside for the widow *and* minor children, but also to property set aside for the widow alone. See *Grant v. Sosebee,* 169 Ga. 658, 660-661, 662 (151 SE 336) (1929); Davis v. Birdsong, 275 F2d 113, 116-117 (5th Cir. 1960).

The widow argues further that there is a genuine issue of fact as to whether her debt to Morrison's Home Center was for her support and maintenance. Finally, she argues that if the debt was not for her support or maintenance then the year's support property is immune to levy and sale. *Grant v. Sosebee,* supra, and similar cases finding year's support property awarded to a widow alone, or to a widow and child together, to be immune to levy and sale except for support and maintenance debts, were superseded by Ga. L. 1937, p. 861. Section 1 of that law (Code Ann. § 113-1023) provides that "Where property is set apart as a year's support for the benefit of the widow alone, she shall thereafter own the same in fee, without restriction as to use, incumbrance, or disposition."

Sections 2 and 3 of the 1937 Act (Ga. L. 1937, p. 861; Code Ann. §§ 113-1024, 113-1025) relate to the conveyance and incumbrance of property set aside for a widow and child or children jointly. Section 5 of that Act (Code Ann. § 113-1032) appears specifically to have been

intended to overrule *Grant v. Sosebee,* supra, and its second appearance in this court, *Grant v. Sosebee,* 173 Ga. 98 (2) (159 SE 672) (1931).

Since the 1937 Act, "Property awarded to the widow alone as a year's support may be freely sold or encumbered like any other property." Pindar, Ga. Real Est. Law 564, § 17-18 (2nd Ed.) (1979). See also 29 EGL 288, Year's Support, § 19 (1975); 2 Redfearn, Wills and Administration in Ga. 334, 343, § 339 (3rd Ed.) (1965).

We hold that, since enactment of the 1937 Act, property set aside as year's support to a widow alone vests absolutely in her, *Hiers v. Striplin,* 210 Ga. 293, 294 (79 SE2d 539) (1954), and such property is not, on the basis that it can only be used for her support and maintenance, immune to levy and sale under a judgment obtained against the widow.

2. Defense counsel have not been shown to be on a contingent fee in this case and hence we find no merit in the remaining enumeration of error. *Beasley v. Burt,* 201 Ga. 144 (1) (39 SE2d 51) (1946); Code § 24-102.

*Judgment affirmed. All the Justices concur.*

Submitted August 24, 1979 — Decided November 21, 1979.

*Howard E. Yancey, Jr.,* for appellant.
*Perry & Franklin, W. S. Perry, English & Rountree, M. Dale English,* for appellees.