37355. PORTER COATINGS v. STEIN STEEL & SUPPLY COMPANY et al.

UNDERCOFLER, Justice.

This is a certiorari to the Court of Appeals.[1] It was granted for two reasons. First to determine, "Whether there should be a different rule — as to the filing deadlines for materials supporting and opposing motions for summary judgment — with respect to depositions and other materials of which the opposite party had notice or knowledge, than as to affidavits and other materials of which the opposite party had no notice or knowledge." Second, "The validity of Division 1 of *Benton Bros. Ford Co. v. Cotton States Mutual Ins. Co.,* 157 Ga. App. 448 (1981) in light of the above issue."

Code Ann. § 81A-156 (c) provides, "The motion [summary judgment] shall be served at least 30 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law; . . ."

A motion for summary judgment is a vehicle for disposing of a controversy without the necessity of a trial. It is, as the description shows, a summary disposition of the issues in order to efficiently resolve litigation. Nevertheless, due process requires that the respondent not be surprised; rather, that he be given reasonable opportunity to refute the movant's showing that there are no genuine issues of material fact. Therefore, the procedure is designed to give the opposing party fair opportunity to contradict the supporting material relied upon by the movant. Accordingly, we conclude that

---

[1] *Porter Coatings v. Stein Steel & Supply Co.,* 157 Ga. App. 260 (277 SE2d 272) (1981).

Code Ann. § 81A-156 (c) requires that only supporting material which is "on file" at least 30 days before the hearing shall be considered for the movant. The intention of the statute may appear rigid at first blush but Code Ann. § 81A-106 (b) and § 81A-106 (d) provide flexibility by authorizing the trial judge, or the parties by stipulation, to extend the filing times. We approve the holding in Division 1 of *Benton Bros. Ford Co. v. Cotton States Mutual Ins. Co.,* 157 Ga. App. 448 (1981). We disapprove the holding to the contrary in Division 1 of the instant case.

The conclusion reached here does not preclude a finding of harmless error, waiver, estoppel, or acquiescence in the trial court's consideration of supporting material not timely filed. In the present case, respondent-appellant, who complains the trial court erred in considering a deposition not timely filed, relied on the deposition to oppose the motion for summary judgment. Thus, we find no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1981.

*Richard T. de Mayo,* for appellant.
*Curtis W. Martin, Robert D. Marshall,* for appellees.