## 66846. PIERCE v. GASKINS.

McMURRAY, Presiding Judge.

Mrs. W. A. Pierce filed an equitable action against Walter J. Gaskins as sheriff of Berrien County and two of his lawful deputies, as well as the purchaser at a sheriff's sale of her property based upon an execution issued upon a judgment against her. Her pleadings therein were that she had made an affidavit of illegality and a forthcoming bond but notwithstanding same defendants proceeded with the sale under the execution. She also sought to have the execution sale vacated and the sheriff's deed to the purchaser set aside, as well as actual and punitive damages for the wrongful conduct in the execution sale of her property. By amendment she claims the sale should be set aside because the bidding had been chilled and the levy upon her property was excessive.

In *Pierce v. Moore,* 244 Ga. 739 (261 SE2d 647), following the appeal of the grant of defendants' motions for summary judgment on two of the counts with reference to the invalidity of the execution and sale in the face of the filing of an affidavit of illegality, the Supreme Court affirmed.

On the return of the remittitur a pretrial order was issued narrowing the issues as to whether there was a chilling of the bidding wherein one prospective bidder was authorized to bid up to $10,000 but was advised by the sheriff's office that the sale was not going to take place, and whether or not the levy was excessive, the plaintiff seeking the sum of $9,600 as the difference between the fair market value of the property and the amount the property sold for, the same being two separate parcels either one of which could have been sold to satisfy the fi. fa.

The case proceeded to trial, and a money verdict and judgment was rendered in favor of the plaintiff and against the sheriff defendant alone.

The sheriff defendant moved for judgment notwithstanding the

verdict or in the alternative for a new trial. Note: The plaintiff did not move for a new trial as to the other defendants eliminated from the case by the jury verdict. At least one extension of time for the filing of a transcript was thereafter made, and after the transcript was filed another date and time for the hearing was set down. A motion was then made to recuse the trial judge but no hearing was ever held on this motion. The trial judge retired, and a new judge issued an order requiring that the motions be heard by brief and later granted the defendant's motion for new trial on the general grounds.

Plaintiff sought to appeal from the grant of the motion for new trial, but in *Pierce v. Gaskins,* 158 Ga. App. 864 (282 SE2d 776), this court held that the grant of a motion for new trial is not final and not a directly appealable judgment and dismissed the appeal as the procedures for interlocutory appeal had not been followed.

Defendant then moved for summary judgment, the same having been filed with affidavits attached and obtained an order for oral testimony to be considered at the summary judgment hearing. In response, plaintiff filed an affidavit in opposition to said motion and called attention to the transcript of the evidence and proceedings of the first trial on file in the case. The oral testimony of one witness was transcribed at the hearing and after consideration of all evidence the motion was granted, although the court's order granting the motion was dated April 11, 1983, and a transcript of the oral testimony was not prepared and filed in the court until May 6, 1983. Plaintiff appeals. *Held:*

1. The verdict and judgment rendered against the sheriff at the trial failed to render any equitable relief against the defendant purchaser. In fact, the pretrial order narrowed the issue to one of damages because of illegal levy, and plaintiff did not move for new trial or appeal the elimination of equitable relief from the case. All equity features of the case have been eliminated, hence the case remains only one at law involving damages. On review such a case comes within the jurisdiction of this court, and we proceed to a review based upon the various enumerations of error.

2. The first grant of a new trial (unless a judgment is demanded by the evidence and pleadings) comes within the broad discretion of the trial court to grant same. In order for this court to disturb such judgment it must be shown that the court abused its discretion in granting it, and the law and facts require the verdict notwithstanding the granting of the motion by the trial court. See *Goodyear Tire &c. Co. v. Johnson,* 117 Ga. App. 278 (160 SE2d 211); *Martin v. Denson,* 117 Ga. App. 288 (160 SE2d 210); *Berman v. Berman,* 231 Ga. 216, 217-218 (3) (200 SE2d 870).

Plaintiff contends the trial court abused its discretion con-

tending that evidence "overwhelmingly supported" same. But the evidence *must demand the verdict* in order to show the trial court abused its discretion granting the new trial. We have examined the transcript of the evidence and proceedings of the trial and find the evidence to be conflicting so as not to demand a finding for either party and requiring a determination of the issues by a jury.

3. Plaintiff also contends that the trial court erred in granting the motion for new trial because the trial court was without jurisdiction to even entertain this motion due to the fact that the movant for new trial had failed to obtain a proper court order extending the time for filing the motion. Following the filing of the motion for judgment notwithstanding the verdict or in the alternative for new trial, a rule nisi issued setting same down for hearing on a date certain and providing that *"until the final hearing of said motion, whenever the same may be had, movants are allowed to amend and perfect the motion, and to secure a transcript of the evidence . . ."* and further that *"[i]f for any reason, said motion is not heard and determined at the time and place above fixed"* if a time and place cannot be agreed upon by counsel for both parties then it shall be heard at such time and place "as the presiding Judge may fix . . . *and if for any reason this Motion is not heard and determined before the beginning of the next Term of this Court, then the same shall stand on the docket until heard and determined at any Term thereafter."* (Emphasis supplied.) At the date of the hearing, the trial court issued an order that for good cause shown the transcript had not been and cannot be completed by said date and both parties having agreed to reschedule the hearing to a date certain the time for filing and hearing was extended to another date. Thereafter, in two other orders the hearing was again extended. A motion to recuse the trial judge was then made and an amendment to the motion notwithstanding the verdict or in the alternative for new trial was thereafter filed with numerous affidavits attached. Movant then filed an additional petition setting forth that the trial judge had retired and requesting the chief judge of the trial court to proceed to hear and decide the motion. Whereupon, the court issued an order that the pending motion would be decided by it with each party having the right to file written arguments and briefs, the movant having 10 days from the order and the plaintiff having 15 days thereafter. The defendant's motion for judgment notwithstanding the verdict was then denied and defendant's motion for new trial was granted "on the ground that the verdict is not supported by the evidence," both parties having timely filed briefs as ordered by the court.

The original rule nisi set the motion down for hearing and

allowed the movants until the final hearing of said motion to amend and perfect the motion and secure a transcript of the evidence and proceedings, and if for any reason the motion is not heard and determined before the next term of this court "the same shall stand on the docket until heard and determined at any Term thereafter." The rights under that order preserved the right of the trial court to rule on that motion at any time. See OCGA § 9-11-6 (b) (formerly Code Ann. § 81A-106 (b) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230)); *Luke v. Luke,* 158 Ga. 103 (1) (123 SE 716); *Azar v. Thuma,* 207 Ga. 444, 445 (1) (62 SE2d 166). Compare *Maslia v. Hamilton,* 239 Ga. 52 (235 SE2d 485). There was no limitation in the time as was the case in *DeKalb County v. McFarland,* 226 Ga. 321, 322-323 (175 SE2d 20). Therefore, the trial court had jurisdiction to entertain the motion for new trial here. There is no merit in this complaint.

4. A motion for new trial having been properly granted in the case sub judice the trial court was not without jurisdiction to thereafter entertain the motion for summary judgment. The enumeration of error complaining that the trial court was without jurisdiction to entertain the motion for summary judgment is not meritorious.

5. The remaining enumerations of error are concerned with whether or not the granting of the summary judgment to the defendant was proper. Plaintiff contends that the evidence was conflicting and did no more than create an issue of fact for resolution by a jury. The hearing was also based on the transcript of the first trial of the case, and it contained many conflicting fact issues for jury determination. The trial court apparently concluded that either the sheriff was immune from excessive levy or the movant's witnesses were more credible. Where lands capable of being subdivided are sold by levy for a grossly inadequate amount and without the levying officer offering to sell it in parcels, the levy is excessive and the sale is void. See *Forbes v. Hall,* 102 Ga. 47 (28 SE 915); *Brinson v. Lassiter,* 81 Ga. 40 (1), 42 (6 SE 468); *Craig v. Arnold,* 227 Ga. 333, 336 (180 SE2d 733). See also OCGA § 9-13-172 (formerly Code § 39-1316); *Richards v. Edwardy,* 138 Ga. 690 (1) (76 SE 64). Compare *Van Dyke v. Martin,* 53 Ga. 221 (1); *Sikes v. Beavers,* 172 Ga. 180 (157 SE 467). Further the trial court had to consider conflicting opinion testimony, inconsistent sworn statements as to value and other issues of fact in granting the summary judgment.

The trial court was also without authority to permit the introduction of oral testimony at a hearing on a motion for summary judgment over the opposing party's objection. The summary judgment statute provides for the granting of the motion "if the pleadings, depositions, answers to interrogatories, and admissions *on*

*file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Emphasis supplied.) OCGA § 9-11-56 (c) (formerly Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)). In the exercise of a sound discretion the trial court may permit the introduction of oral evidence. See *Blackstone Indus. v. Andre,* 232 Ga. 715 (208 SE2d 815). But there was no obligation that it do so, and same must be done in strict conformity with the law. *Gunter v. Nat. City Bank,* 239 Ga. 496, 497 (238 SE2d 48). As stated in *Price v. Star Service &c. Corp.,* 119 Ga. App. 171, 179 (3) (166 SE2d 593), there may be circumstances wherein the court in the exercise of its sole discretion may permit the use of oral evidence at the summary judgment hearing such as "when both parties agree," but "there is no requirement of the statute" that the court do so, and that even if the parties had agreed the trial court would be fully justified in denying the request unless arrangements had been made for reporting the evidence so that it might be reduced to writing and filed in the record. This court concluded that it is not "the general purpose or design of the statute to permit the use of oral testimony," and that the general assembly was cognizant that if same were allowed and required every summary judgment hearing would result in same being turned into "a full blown trial." We note here that the oral testimony was not reduced to writing until after the summary judgment motion was granted and indeed at the hearing counsel for plaintiff objected to any witnesses or any oral testimony being heard at the summary judgment hearing.

The witness called for oral testimony testified as to the location of the property and whether it could be subdivided which had regard to whether there was an excessive levy by the sheriff defendant. Movant's supporting material must be "on file" at least 30 days before the hearing unless the trial judge extends the filing time. See *Porter Coatings v. Stein Steel &c. Co.,* 247 Ga. 631, 632 (278 SE2d 377); *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.,* 157 Ga. App. 448, 449 (278 SE2d 40). Here the witness' testimony was not even transcribed at the time the summary judgment order was issued, and there was no waiver. We cannot consider this tardy evidence in the review.

The affidavits produced dealt with the value of the land and the location of a structure on the land. The defendant contended that the land was two 25' × 100' lots having a structure constructed thereon in such a way that the lots could not be divided. Therefore, the land was not capable of being subdivided nor could there be a division as to the lots. The witness (giving oral testimony) was a county tax appraiser who offered his tax office measurements with reference to the

location of the structure. Other testimony shows it to be a mobile home on one lot. This witness expressed the opinion that he did not see a mobile home but a concrete block structure, although it possibly could have been a mobile home at one time. The substance of his testimony is that the width of the structure across the two 25 foot lots was 44 feet, more or less, hence there was no way to levy upon only one of these lots. Even so, considering this witness' testimony, along with the other evidence, including the first trial evidence, an issue of fact remains for jury determination as to whether or not the sheriff might have levied upon one tract (25′ × 100′) or the other (25′ × 100′), or could only levy on both and that the mobile home was or was not attached to the realty so as to become or not become a part thereof, as well as a conflict as to its dimensions and location. There was other conflicting and opinion testimony as to the value of the property so as to create a jury issue as to the excessiveness of the levy, and no further testimony was offered disputing the evidence that the bid was chilled by someone in the sheriff's office instructing a would-be bidder that there was to be no sale as advertised except that contained in the trial transcript. Thus, genuine issues of material fact remained.

Construing the evidence most strongly in favor of the party (plaintiff) opposing the motion, even though this party will have the burden at trial, genuine issues of material fact remain for jury determination based upon conflicting testimony. *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.,* 157 Ga. App. 448, 451, supra; *Summers v. Milcon Corp.,* 134 Ga. App. 182, 183 (4) (213 SE2d 515); *Aiken v. Drexler Shower Door Co.,* 155 Ga. App. 436, 437 (270 SE2d 831).

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1983.

*Howard E. Yancey, Jr.,* for appellant.
*William S. Perry,* for appellee.