67448. KNIGHT v. BRYANT-DURHAM ELECTRIC COMPANY, INC.

McMURRAY, Chief Judge.

This case involves an action for personal injury arising out of circumstances wherein the plaintiff as employee, while erecting a sign at a medical center, was hurt when a certain crane used in the erection of the sign fell when the outriggers pushed down into the ground causing it to fall. The action was brought against the defendant, Bryant-Durham Electric Company, Inc., which had allegedly excavated the area earlier in order to bury a 7500-gallon storage tank. Plaintiff contends that the defendant in performing this work "failed to use due care in covering the storage tank and failed to properly compact the ground in an area when they knew or should have known through the exercise of ordinary care that heavy machinery would be used."

Defendant denied the claim. After discovery and based on the record, the defendant moved for summary judgment having attached the affidavits of the executive vice president of the defendant and an architect testifying as to the installation of the fuel tank and both having inspected the premises where the fuel tank was located in which a 6-inch thick concrete cover was installed over the excavated area and this concrete did not have any cracks or sunken or chipped out places whatsoever. The affidavit of the executive vice president

who was familiar with the work further deposed that "there was no indication of any cave-in whatsoever around the fuel tank due to the fact that the tank had been installed, tamped and compacted, and a 6-inch thick concrete cover installed around the excavated area." The motion for summary judgment was heard and granted. Plaintiff appeals. *Held:*

The sole enumeration of error is that the trial court erred in granting defendant's motion for summary judgment "by failing to examine depositions taken in a prior action to determine whether or not there was a material issue of fact." Examination of the record discloses that the trial court considered the motion by the plaintiff to use certain depositions taken in another court which was denied because the said motion was not filed in accordance with the local rules and OCGA § 9-11-56 (c) (formerly Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)). Apparently from the order of the trial court this verbal motion was made on the date of the hearing. Opposing affidavits served by the adverse party, according to the statute, must be served "prior to the day of hearing." There has been no waiver of this requirement. We find no error in the trial court's refusal to require the filing of the depositions taken in the other court. See in this connection *Clayton McLendon, Inc. v. McCarthy,* 125 Ga. App. 76, 77 (1) (186 SE2d 452); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178); *Hurston v. Dealers Service Plan,* 141 Ga. App. 148 (2) (232 SE2d 641); *Wall v. C. & S. Bank of Houston County,* 145 Ga. App. 76 (243 SE2d 271); *Goss v. Thornton,* 159 Ga. App. 166 (1) (283 SE2d 63); *Porter Coatings v. Stein Steel &c. Co.,* 247 Ga. 631 (278 SE2d 377), s.c. 157 Ga. App. 260 (277 SE2d 272); *Gross v. Pyrofax Gas Corp.,* 151 Ga. App. 130 (259 SE2d 137); *Oliver v. Thomas,* 158 Ga. App. 388 (280 SE2d 416). The depositions were not filed and thus were not a matter of record. *Sacks v. Bell Telephone Labs.,* 149 Ga. App. 799, 800-801 (1) (256 SE2d 87). The plaintiff having failed to contest the facts sworn to in the affidavits, the trial court did not err in granting summary judgment inasmuch as the pleadings had been pierced. *State of Ga. v. Hallman,* 149 Ga. App. 221 (253 SE2d 859), s.c. 141 Ga. App. 527 (233 SE2d 839); *Goodman v. St. Joseph's Infirmary,* 144 Ga. App. 614, 618 (241 SE2d 487); *McCracken v. Gainesville Tribune,* 146 Ga. App. 274, 277 (246 SE2d 360); *Hartline-Thomas, Inc. v. H. W. Ivey Constr. Co.,* 161 Ga. App. 91, 94 (289 SE2d 296).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 12, 1984.

*Percy J. Blount,* for appellant.
*William C. Calhoun,* for appellee.