70776. BONDS et al. v. JOHN WIELAND HOMES, INC. et al.
(339 SE2d 318)

BEASLEY, Judge.

Plaintiffs, husband and wife, are the purchasers of a residence from one defendant, John Wieland Homes, Inc., the seller/builder. The other defendant, Wieland Financial Services, Inc., obtained and processed the loan utilized to purchase the property. The plaintiffs seek damages in an unspecified amount on the basis that they suffered financial detriment in relying on defendants because the defendants negligently or fraudulently misrepresented the essentials of the loan which finally materialized after delays attributable to defendants' negligence, and that Homes negligently selected the mort-

gage broker and required its use by plaintiffs. Specifically, plaintiffs contend that the loan rate was to be 13% interest instead of the 13-¼% which they now have and that the loan included the requirement that they were to pay mortgage insurance premiums for the 15-year period of the loan when plaintiffs were assured by agents of the defendants that there would be no such requirement.

After answering, defendants filed a motion for summary judgment to which was attached an affidavit of Harvey Brickley, the vice president of both organizations, who was also the employee of Homes. Some of the statements are based on hearsay. The affidavit included the sales contract and a document entitled "Good Faith Estimate of Settlement Charges." The plaintiffs filed a responsive affidavit of Gary Bonds the day before the hearing along with the same sales contract and additional documents. On that same day, plaintiffs filed an objection to Brickley's affidavit because it was based on hearsay and not on his personal knowledge, it contained conclusions and opinions, and it was based on documents not attached or part of the court record. On the next day, the day of the hearing, defendants filed a supplemental affidavit of Brickley and, at the hearing, the deposition of Brickley which had been taken two days earlier was also considered. The court granted the motion for summary judgment, "having reviewed the pleadings, affidavits, and deposition considered by the court and part of the record once signed by the deponent." The deposition was finally filed a month-and-a-half later.

1. The first error assigned is that the court erred in allowing and considering the supplemental affidavit and the deposition because they were untimely and because the affidavit was defective for the reasons stated above.

In *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631, 632 (278 SE2d 377) (1981), the Supreme Court held that "Code Ann. § 81A-156 (c) [now OCGA § 9-11-56 (c)] requires that only supporting material which is 'on file' at least 30 days before the hearing shall be considered for the movant." The Court went on to explain: "The intention of the statute may appear rigid at first blush but Code Ann. § 81A-106 (b) [now OCGA § 9-11-6 (b)] and § 81A-106 (d) [now OCGA § 9-11-6 (d)] provide flexibility by authorizing the trial judge, or the parties by stipulation, to extend the filing times." Id. at 632. We followed in *Pierce v. Gaskins*, 168 Ga. App. 446, 450 (5) (309 SE2d 658) (1983): "Movant's supporting material must be 'on file' at least 30 days before the hearing unless the trial judge extends the filing time. [Cits.]"

In *Knight v. Bryant-Durham Elec. Co.*, 169 Ga. App. 502 (313 SE2d 758) (1984), plaintiff, on the day of hearing of defendant's motion for summary judgment, moved to admit additional documents, which was denied pursuant to OCGA § 9-11-56 (c). This was correct,

said the court, because according to that procedural statute, "[o]pposing affidavits served by the adverse party [plaintiff there] . . . must be served 'prior to the day of hearing.' There has been no waiver of this requirement." Here, the shoe is on the other foot. Plaintiffs have complied with those requirements in this case, by filing their responsive evidence prior to the day of hearing, but movants-defendants did not abide by the portion of the rule applicable to them. The record is bereft of anything to show that plaintiffs waived the right to have defendants' supporting evidence submitted on time, and appellees do not assert any such waiver. The record shows no request for enlargement of time which would have invoked the trial court's discretionary ruling under OCGA § 9-11-6 (b), and no waiver, so the documents could not be considered. *Suttle v. Northside Realty Assoc.*, 171 Ga. App. 928, 931 (a) & (b) (321 SE2d 424) (1984). "[S]ince [movant] elected to rely on this material in support of its motion but neither filed it 30 days prior to the hearing nor requested an enlargement of time within which to make such a filing . . . , the trial court erred in considering this material in support of the motion for summary judgment. [Cits.]" *Benton Bros. Ford Co. v. Cotton States Mut. Ins. Co.*, 157 Ga. App. 448, 449 (1) (278 SE2d 40) (1981), cited with approval by the Supreme Court in *Porter Coatings*, supra.

Plaintiffs were entitled to an adequate opportunity to counter defendants' tardy evidence with properly submitted contrary evidence, if they had any. Particularly in the context of summary judgment, which could obliterate their access to a trial on their complaint, plaintiffs must be accorded a fair chance to undermine the evidence submitted by defendants in support of their position that plaintiffs in fact had no triable claim. The statutory requisite as recognized in *Porter Coatings* is an implementation of the fundamental principle of due process. Of that, plaintiffs were deprived.

Therefore, the court should not have considered that evidence which was not in compliance with the rule and for which there was no extended time pursuant to OCGA § 9-11-6 (b).

The judgment below will be upheld if it can be, for any reason. *Knight v. Stevens Logging*, 173 Ga. App. 359, 360 (1) (326 SE2d 494) (1985). Thus we can still consider whether defendants were entitled to summary judgment. However, as in *Pierce*, supra "[w]e cannot consider this tardy evidence in the review." *Pierce v. Gaskins*, supra at 450.

Marshalling the evidence which was available for consideration, i.e., plaintiff Gary Bonds' affidavit and attached documents, and those portions of Harvey Brickley's affidavit which were upon personal knowledge and with supporting documents, see *Crawford v. Phillips*, 173 Ga. App. 517 (1) (326 SE2d 593) (1985), judgment is reversed in this tort action. The conclusion is compelled because "[c]onstruing

the evidence most strongly in favor of the party [plaintiff] opposing the motion, even though this party will have the burden at trial, genuine issues of material fact remain for jury determination based upon conflicting testimony. [Cits.]" *Pierce*, supra at 451.

2. We do not reach the other issues raised on appeal because they require a consideration of evidence not properly submitted.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1985 — REHEARING DENIED DECEMBER 18, 1985 — 

*J. Blair Craig II*, for appellants.
*A. L. Mullins, Jr., Jane C. Barwick*, for appellees.