## 77395. SPRINGER v. GAFFAGLIO.
### (378 SE2d 691)

BIRDSONG, Judge.

Appellant, Dennis Springer, appeals the trial court's order granting partial summary judgment to appellee, Diane Gaffaglio, on her complaint as to appellant's liability only, and in favor of appellee on the counterclaim of appellant. The trial court reserved judgment on the issues of damages pending proof by the appellee on the amount of set-off for certain collateral, on payment of the intangible taxes, and on the issue of attorney fees.

Appellee sold her embroidery business to appellant. Appellant later assigned the purchase contract to Springer Enterprises, Inc. (SEI) which, among other financial arrangements, executed a promissory note to MAE, Inc., another corporate entity operated by appellee and which was subsequently liquidated. Appellant also executed a personal limited guaranty backing the promissory note. After MAE was liquidated, both the limited guaranty and the promissory note were assigned to the sole shareholder, the appellee. Appellant subsequently sold the embroidery business, and the secured promissory note made by SEI was assumed by LMF, Inc. Afterwards, LMF failed to make payments on the note, was declared in default, and the entire amount owing under the terms of the note became due and payable. Appellee demanded but did not receive payment from appellant for all amounts due on the note in excess of $74,000, according to the alleged terms of the limited guaranty. When appellant did not make payment, appellee initiated suit on the deficiency guaranty backing the promissory note. Appellant counterclaimed, asserting among other pertinent matters that appellee violated a non-competition agreement executed in connection with the sale and that she tortiously interfered "with the contractual relations between the corporation owned by [appellant] and its employees for the sole purpose of interfering with and ruining the business of Springer Enterprises, Inc." *Held*:

1. Appellant asserts that the trial court erred in failing to enforce the bar to prosecution contained in OCGA § 48-6-32 regarding any action on a promissory note or guaranty where a payee has wilfully failed to pay intangible taxes thereon.

OCGA § 48-6-32 pertinently provides that "[w]illful failure to return any property to the commissioner for taxation as required . . . shall be a bar to any action upon the property in any court and may be pleaded as a complete defense to the action, but the holder of the

property may at any time pay all taxes. . . . Payment in full shall relieve the holder from the penalty provided. . . ."

In resolving this issue, we note that appellee's assertion in her brief that she has paid the intangible taxes is unsupported by evidence of record, and accordingly cannot be considered on appeal. *Behar v. Aero Med. Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223).

In *Peters v. Thomason*, 157 Ga. App. 513 (2) (277 SE2d 798), this court held that although intangible tax was not paid before suit was filed, the statute constitutes no barrier to the action when the amount due is fully paid "prior to trial." Assuming without deciding that the record supports a finding that appellee's alleged failure to pay the tax was wilful, we are satisfied that the trial court's order, partially granting summary judgment but reserving judgment on the issues of damages in pertinent part based on the payment of intangible taxes, was in substantial compliance with the provisions of OCGA § 48-6-32. OCGA § 1-3-1 (c).

2. Appellant asserts that the trial court improperly received, over his objection, oral testimony in support of appellee's summary judgment motion. The trial court's order reflects that it did consider oral testimony of the appellee over appellant's objection. This oral testimony has not been transcribed and forwarded as a part of the record before us, nor has appellant attempted to otherwise supplement the record as to the alleged content of this testimony.

It is generally a matter within the sound discretion of the trial court whether to permit the introduction of oral evidence on the hearing of a motion for summary judgment. *Blackstone Indus. v. Andre*, 232 Ga. 715 (208 SE2d 815). But the trial court is not obligated to do so; and, when it does admit oral evidence it must do so "in strict conformity with the law." *Pierce v. Gaskins*, 168 Ga. App. 446, 450 (309 SE2d 658). Assuming arguendo that the trial court abused its discretion in considering this evidence when it was not transcribed and "on file" at least 30 days before hearing (*Pierce v. Gaskins*, supra, and cases therein cited; see *Lynch v. Ga. Power Co.*, 180 Ga. App. 178 (348 SE2d 719); *Bonds v. John Wieland Homes*, 177 Ga. App. 254, 256 (339 SE2d 318)), appellant has failed to establish how this error was prejudicial to him. The record contains a detailed affidavit by the appellee. This affidavit in conjunction with the total evidentiary posture of record is more than sufficient to support the trial court's ruling. In the absence of the appellant providing this court with the content of the oral evidence of which he complains, we will not presume this assumed error to be prejudicial. It is well-settled that "[a]ppellant must show error which has hurt him." *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882). Further, in the absence of a transcript of the oral evidence or of a stipulation filed in lieu thereof, prepared in any manner authorized by OCGA § 5-6-41, we cannot consider an

enumerated error where meaningful review of the error is dependent upon the contents of such a transcript. See generally *Brown v. State,* 223 Ga. 540 (2) (156 SE2d 454); *White v. State,* 174 Ga. App. 531 (2) (330 SE2d 760). "We cannot rule on the merits in the dark." *Blount v. Moore,* 175 Ga. App. 288, 290 (333 SE2d 167).

3. Appellant asserts that the trial court erred in granting appellee partial summary judgment, as it necessarily made findings of credibility when it resolved the tortious interference and failure of consideration issues.

"On a motion for summary judgment, 'the movant has the burden of showing affirmatively that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Moreover, when the movant is the defendant, he has the additional burden of piercing the plaintiff's allegations and affirmatively negating at least one essential element of the plaintiff's case.' [Cit.] In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion." *Peterson v. Liberty Mut. Ins. Co.,* 188 Ga. App. 420, 422 (373 SE2d 515).

At the onset, we find that there exist some unexplained contradictions between certain matters found in appellant's deposition and in his supporting affidavit. In particular, we note an inconsistency regarding the issue of whether appellee ever engaged in the training/instruction of appellant's employees. As to certain applicable contradictions, we will apply the rule of *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27 (343 SE2d 680).

"Generally, a guarantor may assert all defenses to a contract which would be available to his principal, with the exception of personal defenses, such as infancy, bankruptcy and incapacity. [Cit.] Failure of consideration is clearly a viable affirmative defense to an action on a contract. . . . Accordingly, failure of consideration is an available defense to a guarantor." *Jones v. Dixie O'Brien Div.,* 174 Ga. App. 67 (1) (329 SE2d 256). There is no failure of consideration in the case at bar. *Virgil v. Kapplin,* 187 Ga. App. 206 (3) (369 SE2d 808). However, it also has been recognized that "a guarantor is partially discharged to the extent that there has been a partial failure of such consideration." 38 AmJur2d, Guaranty, § 51.

Suffice it to say that based on the posture of the record, there is at best some shadowy semblance of an issue regarding any asserted failure of consideration and tortious interference. OCGA § 9-11-56, pertaining to summary judgment "does not require the [movant] to show that no issue of fact remains, but rather that no *genuine* issue of material fact remains [cit.]; and while there may be some 'shadowy semblance of an issue' [cit.], the case may nevertheless be decided as

a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion." *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795); accord *Peterson v. Liberty Mut. Ins. Co.*, supra at 424.

Accordingly, we find this enumeration of error to be without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JANUARY 31, 1989 —
REHEARING DENIED FEBRUARY 13, 1989 — 

*Schreeder, Wheeler & Flint, John A. Christy, J. Christopher Desmond*, for appellant.
*Harry J. Winograd*, for appellee.