A90A0787. BARRETT v. WHARTON et al.
(396 SE2d 603)

Birdsong, Judge.

Barrett appeals from the dismissal of his complaint against Wharton and other officials ("appellees") of the correctional institution in which Barrett is confined seeking damages for the loss of his property. *Held*:

The order dismissing Barrett's complaint states the complaint was dismissed after a hearing on appellees' motion to dismiss or in the alternative for motion for summary judgment. The order also states that a release signed by Barrett was entered in evidence at the hearing, and based on the release, the trial court concluded that Barrett could state no set of facts upon which appellees could be held responsible for Barrett's property and dismissed the complaint.

Barrett's notice of appeal specified that "[t]he Clerk will not [omit] any part of the record on appeal, with transcripts of evidence and proceedings being filed for inclusion in said record of appeal." Nevertheless, neither the motion to dismiss, the release, nor the transcript of the hearing was included with the original record. At this court's request, however, the record was supplemented with the release considered by the trial court, but the motion was not provided since it apparently was an oral motion made at the hearing.

This motion for failure to state a claim upon which relief can be granted or in the alternative for summary judgment was supported by a matter outside the pleadings, the unsworn release. When such mat-

ters are considered, "the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56." OCGA § 9-11-12 (b). *Wallis v. Trustees &c. Methodist Church*, 252 Ga. 51-52 (310 SE2d 915).

OCGA § 9-11-56 (c) and Superior Court Rules 6.5 and 6.6 prescribe the procedures for motions for summary judgment. The record on appeal shows that these procedures were not followed.

Moreover, OCGA § 9-11-56 (c) contemplates a written motion (*Richmond Leasing Co. v. First Union Bank*, 188 Ga. App. 843, 844 (374 SE2d 746)), and unsworn documents cannot be regarded as an affidavit. *Barrett v. Commercial Union Ins. Co.*, 188 Ga. App. 353, 354 (373 SE2d 59).

Further, OCGA § 9-11-56 (c) requires service of a motion for summary judgment on the opposing party at least 30 days before a hearing. *Hansford v. Robinson*, 255 Ga. 530 (340 SE2d 614). Since "the motion to dismiss was converted to a motion for summary judgment . . . [Barrett was] entitled to have the notice requirements of OCGA § 9-11-56 (c) . . . met." *Wallis v. Trustees &c. Methodist Church*, supra at 52.

Nothing in this record, however, reflects that Barrett received any notice that the motion would be heard. "[D]ue process requires that [Barrett] not be surprised; rather, that he be given reasonable opportunity to refute the movant's showing that there are no genuine issues of material fact." *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631 (278 SE2d 377). Moreover, while it is within the discretion of the trial court to receive evidence on a motion for summary judgment (see *Blackstone Indus. v. Andre*, 232 Ga. 715 (208 SE2d 815); *Johnson v. Aetna Fin.*, 139 Ga. App. 452 (228 SE2d 299)), it must do so with strict compliance with the law (*Pierce v. Gaskins*, 168 Ga. App. 446, 450 (309 SE2d 658)). Further, the evidence received must satisfy OCGA § 9-11-56 requirements, be transcribed, and be on file at least 30 days. *Lynch v. Ga. Power Co.*, 180 Ga. App. 178 (348 SE2d 719); *Bonds v. John Wieland Homes*, 177 Ga. App. 254, 256 (339 SE2d 318). In this case the record shows that this was not done. The unsworn release, not supported by affidavit, was admitted at the hearing and used as the basis to dismiss the complaint. This violated the summary judgment procedure. See *Springer v. Gaffaglio*, 190 Ga. App. 272, 273 (378 SE2d 691). Accordingly, the dismissal of the complaint was error. *Jim Altman Ins. v. Zorn &c. Agency*, 184 Ga. App. 575 (362 SE2d 142).

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 4, 1990.

Hugh Barrett, *pro se.*

Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long, for appellees.