A98A0982, A98A1002. RAPPS v. COOKE et al. (two cases).
(505 SE2d 566)

ANDREWS, Chief Judge.

Betsy Luise Rapps and her husband purchased real property from James and Ellen Cooke and executed a note and deed to secure debt over the property in favor of the Cookes. After the Rappses defaulted by failing to make payments due on the note, the Cookes foreclosed on the property under the terms of the deed to secure debt and purchased the property at the foreclosure sale. Betsy Rapps sued the Cookes alleging wrongful foreclosure, defamation of title, and fraud. The Cookes answered denying the allegations and counter-claimed for a writ of possession. The trial court subsequently granted the Cookes' motion for summary judgment on the claims against them and on their counterclaim for a writ of possession. In Case No. A98A0982, Rapps appeals from the summary judgment order. On motion by the Cookes, the trial court required that Rapps post a supersedeas bond on appeal. In Case No. A98A1002, Rapps appeals from the order requiring the supersedeas bond.

*Case No. A98A0982*

1. Rapps claims the trial court erred by granting the motion for summary judgment because the Cookes did not produce evidence in support of the motion sufficient to show that no genuine issue of material fact remained for trial.

Rapps failed to file a timely response to the Cookes' motion for summary judgment and did not appear at the hearing on the motion. Because there is no such thing as a default summary judgment, Rapps' failure to timely respond to the motion does not automatically entitle the Cookes to summary judgment in their favor. *McGivern v. First Capital Income Properties*, 188 Ga. App. 716, 717 (373 SE2d 817) (1988). A failure to respond to a motion for summary judgment

results in waiver of the right to present evidence in opposition to the motion, but the moving party must still show from the pleadings and the evidence that summary judgment is appropriate. Id. Accordingly, we consider whether the record supported the grant of summary judgment in favor of the Cookes, but we give no consideration to untimely responsive materials filed by Rapps after the hearing on the motion.

The Cookes' motion for summary judgment was not supported by affidavit, deposition testimony, answers to interrogatories, or admissions. See OCGA § 9-11-56; *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442) (1962). Although the motion contained a statement of facts as to which the Cookes contended there was no genuine issue to be tried, submitted pursuant to Uniform Superior Court Rule 6.5, the right to summary judgment is not shown by mere reference to the Rule 6.5 statement of facts. The statement of facts under Rule 6.5 is not evidence for purposes of summary judgment, and Rapps' lack of response thereto did not amount to an admission of fact. *Waits v. Makowski*, 191 Ga. App. 794, 796 (383 SE2d 175) (1989).

The record reflects, however, that the trial court based the grant of summary judgment on sworn oral testimony given at the hearing on the motion by James Cooke which verified the allegations, evidence, and statement of facts presented by the Cookes in support of the motion for summary judgment. Generally, a trial court may exercise its sound discretion to permit the introduction of oral evidence in support of a motion for summary judgment. *Pierce v. Gaskins*, 168 Ga. App. 446, 450 (309 SE2d 658) (1983). For example, the trial court may choose to consider oral evidence at the hearing on the motion when the parties so stipulate and arrangements have been made to report the evidence so that it can be reduced to writing and filed in the record. *Price v. Star Svc. &c. Corp.*, 119 Ga. App. 171, 179 (166 SE2d 593) (1969). Pursuant to OCGA § 9-11-43 (b), the trial court may direct that the motion for summary judgment be heard on oral testimony by entering an order so notifying the parties. *Johnson v. Aetna Finance*, 139 Ga. App. 452, 453 (228 SE2d 299) (1976); *Forest Lakes Home Owners Assn. v. Green Indus.*, 218 Ga. App. 890, 893-894 (463 SE2d 723) (1995). When the trial court admits oral evidence in support of a motion for summary judgment, there must be compliance with the requirements for considering evidence on summary judgment. *Pierce*, 168 Ga. App. at 450. This includes the requirement that, absent a stipulation by the parties or an order of the trial court extending the time for filing, only supporting material filed at least 30 days before the hearing shall be considered for the movant. *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631-632 (278 SE2d 377) (1981); *Gunter v. Hamilton Bank &c.*, 201 Ga. App. 379, 381 (411 SE2d 115) (1991); OCGA §§ 9-11-56 (c); 9-11-6 (b), (d); *Pierce*, 168 Ga.

App. at 450. "[This requirement] is designed to give the opposing party fair opportunity to contradict the supporting material relied upon by the movant." *Porter Coatings*, 247 Ga. at 631.

Here, there was no order of the trial court notifying the parties that the motion would be heard on oral testimony, and the oral evidence given by James Cooke in support of the motion for summary judgment was not filed at least 30 days before the hearing. There was no stipulation by the parties or order of the trial court altering the 30-day notice requirement. Nevertheless, by failing to appear at the hearing to object, Rapps waived the right to notice and acquiesced in the trial court's consideration of the untimely oral material. *Gunter*, 201 Ga. App. at 381; *Peppers v. Elder*, 248 Ga. 136-137 (281 SE2d 582) (1981).

Despite the waiver, there is no transcript of the sworn testimony given by Mr. Cooke nor any record of this oral evidence prepared in compliance with OCGA § 5-6-41, so we are unable to review the evidence to determine whether it provided a sufficient basis to support the trial court's grant of summary judgment. See *Springer v. Gaffaglio*, 190 Ga. App. 272, 273-274 (378 SE2d 691) (1989). Without any record of the oral evidence, and there being no other evidence in compliance with OCGA § 9-11-56 submitted by the Cookes in support of the motion,[1] we conclude that the Cookes failed to show by the record that there was no evidence sufficient to create a jury issue on Rapps' claim of wrongful foreclosure. In this regard, the allegation in Rapps' verified complaint that the Cookes declared a default and foreclosed without giving her the notice required under the terms of the deed to secure debt was sufficient to create a factual issue as to wrongful foreclosure. Although the attached verification did not state that the allegations of the complaint were made upon Rapps' personal knowledge, as required in order to be considered under OCGA § 9-11-56 (e), the allegation that the Cookes did not give her proper notice was sufficient to affirmatively indicate that this allegation was within Rapps' personal knowledge. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988); *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 811 (374 SE2d 544) (1988); *Hansen v. Mt. Yonah Scenic Estates Club*, 227 Ga. App. 258, 259 (488 SE2d 732) (1997).

We find no error in the trial court's grant of summary judgment: (a) in favor of the Cookes on Rapps' claims for defamation of title and fraud, and (b) in favor of the Cookes on their counterclaim for a writ

---

[1] We cannot consider as evidence in support of summary judgment unsworn allegations in the Cookes' brief in support of the motion or unverified documents merely attached to the brief. *Gilbert v. Farmers & Merchants Bank*, 192 Ga. App. 700, 703 (385 SE2d 782) (1989); *Parker v. Fidelity Bank*, 146 Ga. App. 52, 53-54 (245 SE2d 364) (1978).

of immediate possession.

As to the fraud and defamation of title claims, "[a] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). A review of the record shows an absence of evidence to support these claims. Rapps failed to make any timely response to the motion for summary judgment, and there are no sufficiently verified allegations in the complaint to create an issue of fact as to the essential elements of a claim for fraud or defamation of title. *Vanacore v. Citizens Bank*, 228 Ga. App. 87, 89 (491 SE2d 181) (1997); OCGA § 51-9-11.

As to the counterclaim for a writ of possession, Rapps' sole basis for claiming that the Cookes were not entitled to the writ was that foreclosure was wrongful. After the foreclosure sale, the Cookes, who purchased the property at the sale, became the sole owners until and unless the sale is set aside. *Womack v. Columbus Rentals*, 223 Ga. App. 501, 503 (478 SE2d 611) (1996). As a former owner remaining in possession after a foreclosure sale, Rapps was a tenant at sufferance subject to being dispossessed. *Frank v. Fleet Finance &c.*, 227 Ga. App. 543, 547 (489 SE2d 523) (1997). Because a tenant cannot dispute the title of her landlord, Rapps was not entitled to claim wrongful foreclosure as a defense. *Womack*, 223 Ga. App. at 504.

### Case No. A98A1002

2. The trial court did not err in granting the Cookes' motion to require Rapps to post a supersedeas bond on appeal pursuant to OCGA § 5-6-46. Rapps complains that the trial court required a supersedeas bond without a hearing and without giving her 30 days to respond pursuant to USCR 6.2 which provides for a 30-day period to respond to motions in civil actions unless otherwise ordered by the judge. The trial court was not required to conduct an oral hearing before granting a motion to require a supersedeas bond pursuant to OCGA § 5-6-46. There was no error in not giving Rapps 30 days to respond because USCR 6.2 does not apply to post-trial motions for supersedeas bonds under OCGA § 5-6-46. *Cloud v. Ga. Central Credit Union*, 214 Ga. App. 594, 597 (448 SE2d 913) (1994).

*Judgment affirmed in Case No. A98A1002. Judgment affirmed in part and reversed in part in Case No. A98A0982. Johnson, P. J., and*

*Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 26, 1998.

Betsy L. Rapps, *pro se.*
*Marvin C. Berkowitz,* for appellees.