## 59205. METROPOLITAN PUBLISHERS REPRESENTATIVES, INC. v. ARNSDORFF.

QUILLIAN, Presiding Judge.

This was an action by appellee-salesman to recover unpaid commissions from appellant-employer. The

employer admitted that the salesman had earned the commissions, but produced evidence of an oral condition of employment which required the salesman to remain employed until the end of the year to receive the commissions. The salesman, who had resigned his position before the end of the year, denied there was any such condition. The only issue before the jury was whether the condition in fact existed. By its verdict for the salesman, the jury found there was no such condition. The employer appeals. *Held:*

1. The trial court charged the jury: ". . . if you should find that such a condition [to remain employed to the end of the year] was not established by the preponderance of the evidence, then you should return a verdict in favor of the plaintiff." Appellant contends this charge erroneously shifted the burden of proof to the defense. Although plaintiff normally has the burden of proof, Code Ann. § 38-103 states: "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential."

"[I]f a defendant files an affirmative defense, ordinarily he has the burden of proving such affirmative defense. See Code § 38-103; *Williamson, Inman & Co. v. Thompson,* 53 Ga. App. 821, 826 (187 SE 194). As is explained in the *Williamson* case, supra, it is only when the defendant *admits the essential facts* of petition, and sets up other facts in justification or avoidance, that defendant has the burden of proving such affirmative defense." *Willis v. Kemp,* 130 Ga. App. 758, 759 (204 SE2d 486). We find that appellant admitted the essential facts of appellee's complaint, asserted and produced evidence that there was a condition to the receipt of appellee's commissions, and that proof of the existence of that condition was essential to appellant's defense of the suit. Accordingly, appellant had the burden of proof on this issue and the trial court's charge was not error.

2. The trial court did not err in refusing to permit appellant's counsel, in closing argument, to read to the jury from a reported case of this court. Code Ann. § 24-3319 (Superior Court Rule 19) provides that "in all civil cases questions of law shall be argued exclusively to the court, and questions of fact to the jury."

"There is no logical difference between reading law to the jury and reading law to the court in the presence of the jury . . . In the past it could be fairly argued, that in reading the law to the court at the commencement of the argument (in the presence of the jury), counsel was informing the court of the authorities he was relying on and thus assist the court in the preparation of its charge to the jury . . . Whatever may have been the justification for the practice in the past ended with the enactment of Code Ann. § 70-207 (b), supra. Under this latter Code section not only must counsel submit requests to charge at or before the close of the evidence, but the court must inform counsel of its proposed action on the requests prior to counsel's argument to the jury. What then is the purpose of reading 'law to the court' in the presence of the jury? . . . The practice complained of here is condemned. In all civil cases the jury shall receive the law *exclusively* from the trial judge and any departure from this rule will constitute reversible error." *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811, 814-815 (201 SE2d 485). Accord, *Harris v. Collins,* 149 Ga. App. 638 (3) (255 SE2d 107).

3. There also was no error in the trial court denying appellant's motion for a new trial. The motion was based on matters resolved adversely to appellant in the first two divisions of this opinion, as well as the general grounds. We find the verdict was authorized by the evidence. *Howard v. Fleming,* 231 Ga. 364 (201 SE2d 422); *Smith v. Smith,* 235 Ga. 109, 114 (218 SE2d 843).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JANUARY 8, 1980 — DECIDED FEBRUARY 19, 1980 — REHEARING DENIED MARCH 13, 1980.

*Foy R. Devine,* for appellant.
*Ronald S. Stevens,* for appellee.