61136. PETERS v. THOMASON.

DECIDED FEBRUARY 11, 1981 —

*James A. Elkins, Jr.,* for appellant.
*T. Edward Tante IV,* for appellee.

DEEN, Presiding Judge.

1. We first consider the three general enumerations of error (nos. 5, 6 and 7) contending in substance that the evidence is insufficient to support the verdict in favor of the plaintiff for the face amount of the note. Plaintiff introduced the note, established its authenticity and that its consideration was the purchase of a half interest in a partnership business. The defendant interposed a number of defenses, including statute of limitations, laches, failure of consideration, mutual mistake, fraud, and accord and satisfaction. None of these was supported by more than circumstantial evidence, and none was proved so as to demand a verdict for the defendant based on an affirmative defense. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Code § 109A-3 — 307 (2). The plaintiff accordingly established a prima facie case which the evidence failed to refute. As to the statute of limitation defense, furthermore, the note was an instrument under seal, bearing a 20-year limitation, and this action was brought within four years of its maturity well before the limitation would have accrued.

2. Enumerations 1 and 2 contend that the plaintiff had no cause of action because of the payee's failure to make timely payment of the Georgia intangible tax. The suit was filed in May, 1977, at which time it appears that intangible taxes had not been paid. They were, however, paid along with applicable penalties on the face amount of the note prior to trial, and therefore constitute no barrier to the prosecution of the action. Former Code § 92-117 deals with notes "representing loans secured by real estate . . . for the purpose of financing of homes" and accordingly does not apply to the negotiable instrument at issue. Notes not representing credits secured by real estate were dealt with in Code §§ 92-161 (d) and 92-118. As to such notes, Code § 92-125 provided that the holder "may at any time pay all taxes, penalties and accrued interest . . . [and] without dismissal of the original suit, be relieved from the penalty" of dismissal. The payment here made was sufficient. *Holt v. Rickett,* 143 Ga. App. 337 (2) (238 SE2d 706) (1977).

3. The appellant contends that the court should have charged the law of accord and satisfaction. One may in fact agree to take less than the full amount in satisfaction of a debt, but the accord, until full execution, is no bar to an action on the original debt. *Long v. Scanlan,* 105 Ga. 424, 427 (31 SE 436) (1898); Code § 20-1201. Examination of the brief of evidence utterly fails to produce any evidence of the

satisfaction of the debt, and accordingly no charge on the subject was required.

4. The lapse of time here was not so long as to give rise to a presumption that the debt in question had been paid.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*