## 72863. REEDER et al. v. MERRILL LYNCH REALTY COMMERCIAL SERVICES OF GEORGIA, INC.
### (349 SE2d 31)

POPE, Judge.

Appellee Merrill Lynch Realty Commercial Services of Georgia, Inc. (Merrill Lynch) sued appellants Charles T. Reeder and Duet Holdings Lenox Station, Ltd. on a promissory note. The trial court

directed a verdict in favor of Merrill Lynch, and appellants bring this appeal.

1. Appellants contend that the trial court erred in finding that Merrill Lynch had paid all the intangible tax due on the promissory note. OCGA § 48-6-32 provides: "Willful failure to return any property to the commissioner for taxation as required by this article shall be a bar to any action upon the property in any court and may be pleaded as a complete defense to the action, but the holder of the property may at any time pay all taxes, accrued interest, and penalties. Payment in full shall relieve the holder from the penalty provided in this Code section." Appellants argue that intangible tax was due for 1986 at the time of the February 1986 trial, and thus the action was barred.

Notes not secured by real estate are subject to the intangible tax. OCGA § 48-6-21 (4). The tax is levied annually as of January 1 of each year. OCGA § 48-6-23 (a). Returns of intangible tax are required to be filed no later than April 15 of each year. OCGA § 48-6-27 (a) (5). The trial court found that no bar to the action existed because no return for 1986 was due at the time of trial. This is correct. Appellants' argument is couched in terms of failure to pay. However, the statute (OCGA § 48-6-32) is written in terms of when a return is made. If no return is required until April, it follows that there can be no willful failure to make a return in February.

2. Our holding in Division 1 disposes of appellants' argument that the trial court erred in failing to dismiss the claim for attorney fees because the intangible tax had not been paid.

3. Finally, appellants argue that the trial court erred in failing to dismiss Merrill Lynch's claim because it did not possess a valid broker's license as required by OCGA § 43-40-24. Appellants base this upon a perceived discreprancy between Merrill Lynch's corporate name and its trade name. However, the corporate real estate license introduced at trial is issued in both the corporate name and the trade name. Evidence of Merrill Lynch's registration with the Secretary of State's office in the name "Merrill Lynch Realty Commercial Services of Georgia, Inc." is in the trial record, as well as evidence of registration of the trade name "Merrill Lynch Commercial Real Estate." We find that Merrill Lynch has complied with the requirements of OCGA § 43-40-24. Further, we find the issue of the broker's license to be irrelevant to this action. Although the note was made as a result of a real estate transaction for which a commission was earned (as acknowledged by appellants), this action is based solely upon the note. There is no merit in this enumeration.

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 1 and 2 and in judgment.*

Decided September 17, 1986.

*J. Caleb Clarke III*, for appellants.
*E. Lewis Hansen, Edward H. Nicholson, Jr.*, for appellee.