A95A2270. LAGRONE v. TELECASH INVESTMENTS, INC.
(470 SE2d 445)

RUFFIN, Judge.

Telecash Investments, Inc. ("Telecash") sued Glenn Lagrone for

amounts due on a promissory note. Lagrone personally guaranteed the note, which was executed by Seabrook Publications, Inc. ("Seabrook"). The trial court granted Telecash's motion for summary judgment, and Lagrone appeals from that order. For reasons which follow, we reverse.

The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). There it was held that "[t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id.

In his answer to Telecash's complaint, and in his response to Telecash's motion for summary judgment, Lagrone asserted that OCGA § 48-6-32 barred the action because Telecash wilfully failed to pay the intangibles tax on the note. In granting Telecash summary judgment, the court implicitly rejected Lagrone's contention that the instrument at issue was subject to the intangibles tax.

On appeal, Lagrone reiterates his argument that Telecash's wilful failure to pay $28 in intangibles taxes on what he characterized as a corporate debenture, rather than a promissory note, bars its recovery under OCGA § 48-6-32.

OCGA § 48-6-32 provides that "[w]illful failure to return any property to the commissioner for taxation as required by this article shall be a bar to any action upon the property in any court and may be pleaded as a complete defense to the action, but the holder of the property may at any time pay all taxes. . . . Payment in full shall relieve the holder from the penalty provided in this Code section." Intangible property that is subject to taxation, includes "notes not representing credits secured by real estate" and "debentures of all corporations." OCGA § 48-6-21 (4) and (5), respectively.

Here, there is no evidence that the note was secured by real property. Consequently, the instrument, as it relates to Telecash, is a note not representing credits secured by real estate, which under OCGA § 48-6-21 (4) is subject to the intangibles tax. *Reeder v. Merrill Lynch &c. of Ga.*, 180 Ga. App. 317, 318 (1) (349 SE2d 31) (1986). Thus, if Telecash wilfully failed to pay the intangibles tax on the note, its suit against Lagrone would be barred under OCGA § 48-6-32. *Springer v. Gaffaglio*, 190 Ga. App. 272 (1) (378 SE2d 691) (1989); *Peters v.*

*Thomason*, 157 Ga. App. 513 (2) (277 SE2d 798) (1981).

Telecash presented evidence showing Seabrook was in default of its obligations under the note and that Lagrone had not paid the outstanding balance, thus setting forth a prima facie case for summary judgment. In his response, Lagrone rebutted the prima facie case by presenting evidence showing that Telecash was obligated to pay the intangibles tax on the note and that it had failed to do so. The burden then shifted to Telecash to prove it was exempt from the tax. *Allera Corp. v. Derby Cycle Corp.*, 210 Ga. App. 564 (2) (436 SE2d 753) (1993). The trial court record shows that in its motion for summary judgment Telecash never addressed Lagrone's contention that the failure to pay intangibles tax barred the claim, despite the fact that Lagrone properly raised the issue in his answer. Therefore, genuine issues of material fact remain to be tried on Telecash's failure to pay intangibles tax on the note, and the trial court erred in granting Telecash's motion for summary judgment.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 6, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Maurice J. Bernard III*, for appellant.

*Freedman & Sinowski, Thomas C. Sinowski, Marc H. Bardack, Aaron Stein*, for appellee.