A99A0820. TELECASH INVESTMENTS, INC. v. LAGRONE et al.
A99A0821. LAGRONE v. TELECASH INVESTMENTS, INC.
A99A0822. STACY v. TELECASH INVESTMENTS, INC.
(525 SE2d 112)

RUFFIN, Judge.

Telecash Investments, Inc. sued Glenn Lagrone and Gilbert Thomas Stacy to recover on a guaranty agreement. Following a bench trial, the trial court found in favor of the defendants, and Telecash appeals. Both Lagrone and Stacy filed cross-appeals. As all three appeals involve the same operative facts, we have consolidated them in this opinion. For reasons that follow, we reverse.

The relevant facts follow. Lagrone and Stacy were officers and shareholders of Seabrook Publications, Inc. In July 1992, Telecash loaned Seabrook $30,000 to be used in operating a telemarketing facility. In return, Seabrook executed a promissory note agreeing to repay the principal and accrued interest on July 22, 1993. The promissory note also contained what was described as an "Equity Participation" clause, under which Seabrook agreed to pay Telecash, as "additional consideration" for the loan, ten percent of the monthly net profits from the telemarketing facility for the next ten years. Lagrone and Stacy personally guaranteed payment under the note.

In March 1994, after receiving only one payment of $6,200, Telecash sued Lagrone and Stacy under their personal guaranty. Lagrone contended that Telecash was barred from recovery under OCGA § 48-6-32 because it had failed to pay intangibles tax on the promissory note, which Lagrone asserted was actually a corporate debenture rather than a true promissory note.[1] The trial court granted Telecash's motion for summary judgment against Lagrone, and Lagrone appealed.[2]

In *Lagrone v. Telecash Investments*,[3] we noted that

[i]ntangible property that is subject to taxation includes "notes not representing credits secured by real estate" and "debentures of all corporations." OCGA § 48-6-21 (4) and (5), respectively. Here, there is no evidence that the note was secured by real property. Consequently, the instrument, as

---

[1] At the time, OCGA § 48-6-32 provided, in pertinent part, that
[w]illful failure to return any property to the commissioner for taxation as required by this article shall be a bar to any action upon the property . . . and may be pleaded as a complete defense to the action, but the holder of the property may at any time pay all taxes. . . . Payment in full shall relieve the holder from the penalty provided in this Code section.
As of March 21, 1996, OCGA §§ 48-6-20 through 48-6-44 were repealed by Ga. L. 1996, pp. 117, 130.

[2] A default judgment had been entered against Stacy, although it was later set aside.

[3] 220 Ga. App. 876 (470 SE2d 445) (1996).

it relates to Telecash, is a note not representing credits secured by real estate, which under OCGA § 48-6-21 (4) is subject to the intangibles tax.[4]

We reversed the trial court's grant of summary judgment, holding that "genuine issues of material fact remain to be tried on Telecash's failure to pay intangibles tax on the note."[5]

After our decision, and prior to trial, Telecash retained a certified public accountant to determine the amount of intangibles tax due. The accountant concluded that Telecash owed $10.13, including interest and penalties for the tax year 1992. In calculating this amount, the accountant used a tax rate of ten cents per $1,000 of indebtedness, the rate applicable for "notes not representing credits secured by real estate."[6] The accountant advised Telecash that no tax return was required because the amount of the tax was less than $20.[7] But Telecash filed an intangibles tax return for the year 1992 and forwarded a check for $10.13 to the Georgia Department of Revenue. Telecash did not file intangibles tax returns for any subsequent years.

At trial, defendants admitted that they had not paid the outstanding indebtedness. But they asserted that Telecash was still barred from recovery because it had not paid the proper amount of intangibles tax. According to defendants, the indebtedness should be taxed at a rate of $1 per $1,000, the rate applicable to "bonds and debentures of all corporations," rather than at the lower rate for notes.[8] The trial court agreed and entered judgment for the defendants, holding that Telecash was precluded from recovery because of its failure to pay intangibles tax in 1993, 1994, and 1995.

### Case No. A99A0820

1. In Case No. A99A0820, Telecash asserts that, even if it failed to pay the proper amount of intangibles tax, the trial court erred in characterizing its failure as "wilful." Accordingly, Telecash argues that it should not be barred from recovery. We agree.

OCGA § 48-6-32 provides that "[w]illful failure to return any property to the commissioner for taxation as required by this article

---

[4] Id. at 877.

[5] Id. at 878.

[6] See OCGA §§ 48-6-21 (4); 48-6-23 (a) (1).

[7] OCGA § 48-6-27 (e) (2) provided that "[n]o return need be filed ... nor tax paid ... if the amount of tax due on all intangible property owned in whole or in part by the person liable for the tax is less than $20.00." There was no evidence that Telecash owed intangibles tax on any property other than the note.

[8] See OCGA § 48-6-23 (4).

shall be a bar to any action upon the property in any court and may be pleaded as a complete defense to the action." Because this is an affirmative defense, the defendants bear the burden of proving that Telecash wilfully failed to return property to the commissioner.[9]

We know of no cases construing the term "wilful" in the context of OCGA § 48-6-32. But Georgia courts have defined "wilful" in the context of other statutory enactments, and the definitions are essentially consistent.[10] To constitute wilfulness, defendants must show more than mere or even gross negligence — they must show that Telecash's failure to pay taxes or file a return constituted "conduct of a criminal or quasi-criminal nature."[11] Defendants must demonstrate that Telecash's failure was "a conscious or intentional failure . . . as distinguished from an accidental or involuntary non-compliance."[12] Telecash's acts did not rise to this level as a matter of law.

The evidence shows without dispute that, prior to trial, Telecash retained an accountant for the purpose of calculating intangibles tax due. Telecash then remitted payment in the amount specified by the accountant for the tax year 1992. Although Telecash did not pay taxes for 1993 through 1995, no payment was required if the tax was less than $20, which Telecash believed to be the case.

The trial court apparently penalized Telecash for mischaracterizing the debt instrument as a promissory note rather than a bond or debenture. But there is no evidence to suggest that Telecash intentionally misrepresented the nature of the instrument. The instrument is labeled a promissory note and has many of the characteristics of a note as it represents an unconditional written promise to pay a specified sum of money at a specified date.[13] The equity participation clause, however, arguably makes the instrument seem more like an investment instrument rather than a simple promissory note. Given the ambiguous nature of the instrument, we fail to see how Telecash's characterization of the contract as a promissory note evinced any wilful conduct.

Moreover, we note that in our prior decision in this case, we expressly referred to the instrument as a "note not representing credits secured by real estate."[14] Regardless of whether this statement

---

[9] See *Lewis v. Smith*, 238 Ga. App. 6, 7 (517 SE2d 538) (1999) (act of God); *Payne v. Kanes*, 234 Ga. App. 524, 527 (2) (507 SE2d 266) (1998) (good faith); *Bell v. Smith*, 227 Ga. App. 17, 18 (488 SE2d 91) (1997) (justification).

[10] See *Muller v. English*, 221 Ga. App. 672, 676 (2) (c) (472 SE2d 448) (1996).

[11] Id.

[12] (Punctuation omitted.) *Bells Ferry Landing v. Wirtz*, 188 Ga. App. 344, 345 (373 SE2d 50) (1988).

[13] See *Devin Lamplighter, Ltd. v. American Gen. Finance*, 206 Ga. App. 747, 749 (2) (426 SE2d 645) (1992) ("promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor") (punctuation omitted).

[14] See *Lagrone*, supra.

constitutes the law of the case, it was not unreasonable for Telecash to assume that we had properly characterized the instrument as a note rather than a bond or debenture.[15]

Under these circumstances, we see no evidence supporting the trial court's determination that Telecash wilfully failed to pay taxes or file a return. Accordingly, the trial court erred in finding that OCGA § 48-6-32 barred Telecash from collecting on the contract. In view of this holding, we need not address Telecash's remaining enumerations of error.

### Case Nos. A99A0821 & A99A0822

2. Lagrone contends that the trial court erred: (1) in failing to exclude an affidavit submitted by Telecash in opposition to defendants' motion for summary judgment; and (2) in denying his motion for summary judgment. As the case went to trial and the court rendered judgment, however, these claims of error are moot.[16]

3. Both Lagrone and Stacy assert that the trial court erred in concluding that the promissory note in question was not usurious. We note, however, that in its judgment the trial court made no ruling regarding whether the promissory note was usurious, and both Lagrone and Stacy have failed to show by the record that the usury issue was raised below. Accordingly, we do not address this claim of error on appeal.[17]

*Judgment reversed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 9, 1999 —
RECONSIDERATIONS DENIED NOVEMBER 23, 1999 — ▮

*Freedman & Sinowski, Thomas C. Sinowski, John M. Foy,* for Telecash Investments, Inc.
*Maurice J. Bernard III,* for Lagrone.
*Thomas C. Blaska,* for Stacy.

---

[15] The rule applies "to any statement in the opinion as to a matter on which the decision is predicated." (Punctuation omitted.) *South Ga. Med. Center v. Washington,* 269 Ga. 366, 367 (1) (497 SE2d 793) (1998). In *Lagrone,* our decision was predicated upon the conclusion that the instrument was subject to an intangibles tax. As both promissory notes and corporate bonds and debentures are subject to an intangibles tax, our conclusion did not rest upon the characterization of the instrument as either a bond or a promissory note.

[16] *Talmadge v. Talmadge,* 241 Ga. 609 (1) (247 SE2d 61) (1978) ("[a]fter verdict and judgment, it is too late to review a judgment denying a summary judgment") (punctuation omitted).

[17] See *Fisher v. Marvin Reese Cos.,* 231 Ga. App. 487 (1) (499 SE2d 411) (1998).