A00A2299. BENNETT STREET PROPERTIES, L.P. v. CSX TRANSPORTATION, INC.
(548 SE2d 619)

BLACKBURN, Chief Judge.

In this action for injunctive relief, actual damages, punitive damages, and attorney fees, Bennett Street Properties, L.P. appeals the denial of its motion for new trial, contending that the trial court improperly granted a directed verdict to CSX Transportation, Inc. on all counts at the close of Bennett Street's case. On appeal, Bennett Street contends that CSX, a neighboring landowner, failed to properly maintain drainage culverts along its railroad tracks which caused flooding on Bennett Street's property. For the reasons set forth below, we affirm.

On February 17, 1997, Bennett Street filed suit against CSX, Carbuffs, Inc., and JDL Construction, seeking an injunction against these neighboring landowners to prevent the flow of rainwater and construction debris onto Bennett Street's property. In simplified terms, Carbuffs' property, on which construction was taking place, is located toward the top of a hill, CSX's property is located in the middle, and Bennett Street's property is located at the bottom. Bennett Street alleged that water, traveling by the natural force of gravity and carrying Carbuffs' construction debris, flowed down the hill and into a culvert under CSX's railroad tracks which artificially increased the water flow onto Bennett Street's property. Bennett Street further alleged that this downhill flow of water caused flooding and erosion on its premises, producing a continuing nuisance triggered by each heavy rain.

Accordingly, Bennett Street requested that the trial court enter an order restraining CSX from "concentrating" the runoff onto its property and preventing Carbuffs and JDL from construction activities causing mud to be deposited on Bennett Street's property. Bennett Street also requested actual damages, punitive damages, and attorney fees.

JDL was never served and, as such, never became a party to this action; however, Bennett Street proceeded against Carbuffs and CSX. At the close of Bennett Street's evidence during a jury trial, the trial court granted a directed verdict in favor of the remaining defendants. Bennett Street subsequently dismissed its case against Carbuffs and filed a motion for new trial with regard to CSX only, arguing that the trial court erred by granting a directed verdict. The trial court denied Bennett Street's motion, and that ruling is the subject of this appeal.

1. The trial court did not err in granting a directed verdict to CSX in this case.

> A directed verdict is appropriate where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). A grant of directed verdict can be upheld only where we determine that *all* the evidence demands that verdict. This requires a de novo review.

(Punctuation omitted; emphasis in original.) *Hulsey v. Dept. of Transp.*[1]

The record shows that Bennett Street acquired the property in question in 1973 and the culvert on which the complaint was based had been in place for possibly more than 50 years. Bennett Street contends that, around 1995, the flow of water onto its property began to increase, resulting in intermittent flooding. Concerned about the problem, Bennett Street contacted CSX and requested a meeting. When CSX representatives met with Bennett Street's partners, the latter expressed their concern that the flooding was being caused by a newly paved road on Piedmont Hospital's property, which effectively acted like a "waterfall" onto the adjoining land. To possibly remedy the problem, Bennett Street asked CSX to talk to Piedmont Hospital about installing a speed bump on the road to divert the water flow. In follow-up correspondence, CSX asked Bennett Street to inform it of any other complaints which it might have against CSX, and Bennett Street made no further replies.

Bennett Street, however, continued to experience flooding and hired Charles Wilson, a water drainage expert, to examine the problem. In an initial letter to Bennett Street, Wilson opined that the increased water flow was caused by new construction taking place on uphill property and alterations in drainage flow along Peachtree Street caused by the modification of a street entrance. Later, during

---

[1] *Hulsey v. Dept. of Transp.*, 230 Ga. App. 763 (498 SE2d 122) (1998).

his deposition and at trial, Wilson testified that the flow of water onto Bennett Street's property could have been caused by a clogged culvert on CSX's property, which thereby diverted water into a second culvert which emptied onto Bennett Street's property. Wilson, however, admitted at trial that he did not know how long the culvert in question had been clogged or whether the clog was actually the cause of the flooding experienced by Bennett Street. He stated that, as far as he knew, the culvert may never have worked and, as in his initial opinion letter, the flooding was the result of uphill construction past the railroad's property.

In addition, Wilson stated that no studies had been conducted to determine whether water from sources other than the culvert might be causing the flooding problem on Bennett Street's property. And the record shows that numerous other sources could have caused or contributed to the problem, including flumes constructed by Bennett Street on higher elevations of its own property which directed water onto its lower tenants.

Therefore, in its case-in-chief, Bennett Street failed to present a prima facie showing that CSX acted in any way to cause or contribute to the intermittent flooding of its property. To the contrary, Bennett Street relied on speculation, conjecture, and the admittedly equivocal opinion of an expert who stated that he could not pinpoint the cause of the flooding and that he had not investigated all of the possible causes. As such, the trial court properly granted CSX's motion for a directed verdict with regard to the imposition of an injunction and actual damages.

2. In light of our holding in Division 1, Bennett Street's claims regarding punitive damages and attorney fees are rendered moot.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED FEBRUARY 22, 2001 —
RECONSIDERATION DENIED MARCH 21, 2001.

*Gregg Loomis*, for appellant.
*Casey, Gilson, Williams & Shingler, Sandra Gray*, for appellee.