## A01A1201. SOUTHLAND OWNERS ASSOCIATION, INC. v. MYLES.

(555 SE2d 530)

Phipps, Judge.

Southland Owners Association, Inc. (Association), a mandatory homeowners' association for Southland subdivision in DeKalb County, sued Joe E. Myles, a resident of the subdivision, alleging that by adding a second driveway to his property, Myles violated the recorded Declaration of Covenants, Conditions, and Restrictions (Declaration) that governed the subdivision. The Association sought an injunction requiring Myles to remove the driveway, attorney fees, and litigation expenses. The Association filed a motion for summary judgment, which, after a hearing, the trial court denied. After a bench trial, the court found in favor of Myles. The Association appeals, contending that the trial court erroneously denied it summary judgment and that it improperly shifted the burden of proof at trial, which led to the erroneous denial of injunctive relief and attorney fees. Because the record shows that the court did not manifestly abuse its discretion in denying the injunction and because the denial of summary judgment and the issue of attorney fees are now moot, we affirm.

At trial, the Association's sole witness on the issue of the injunction was a member of the Association's board, who testified that in June 1997, Myles installed a second driveway on his property without having obtained approval of the Association's Architectural Review Committee (ARC). Because the Association advised Myles that it still required him to obtain the ARC's approval, Myles submitted a request form that provided specifications for the driveway. The form showed that the driveway approached from the east side of the house and ended at a basement door. The main driveway was on the west side of the house, approaching from the front of the house and ending near the back of the house. The Association's manager notified Myles that his request had been denied and sent him a copy of Section 10.05 of the Declaration, which provided that "to preserve the architectural and aesthetic appearance" of the subdivision, no construction or improvements affecting the exterior appearance of any residence could be made unless and until the ARC approved the specifications "as to the compliance" with ARC's standards, "including the harmony of external design, location and appearance in relation to surrounding structures and topography." Section 10.05 further stated that the ARC could deny a request on any ground consistent with the Declaration, "including purely aesthetic considerations, so long as such grounds are not arbitrary or capricious." When Myles did not respond to the Association's demands to restore his property to its original condition, the instant action ensued.

Pro se, Myles defended the action by essentially claiming that there had been no valid decision by the ARC because the decision it made was procedurally unfair and the substantive decision was arbitrary and capricious. He testified that his second driveway was "not in violation of the appearance in the surrounding area" and was "not interfering with the aesthetic[s] of the architectur[e] and beauty . . . of the community." He presented the testimony of his wife, who described two other houses in their cul-de-sac with second driveways — one parallel to the main driveway, and another one that was circular, but, nonetheless, detached from its main driveway. Myles also introduced into evidence photographs showing those neighbors' driveways. Myles and his wife testified that the house located behind their home was the only one in the neighborhood painted in its particular colors and that the house had the only yard in the neighborhood consisting of fifty percent pine needles, rather than grass, trees, and shrubs. Myles argued that permitting that house to exist in that condition violated the Declaration and further demonstrated that the ARC had enforced the Declaration unfairly, arbitrarily, and capriciously.

During cross-examination of Myles and his wife, the Association's attorney adduced testimony that they did not know of the circumstances of any of their neighbors' applications or the ARC's approvals/denials of second driveways. Myles had not served on the Association's board nor the ARC's board. And although Myles had requested to review meeting minutes of those boards and had asked for the names of the members of those boards, his requests were not granted.

1. The Association contends that the trial court erroneously denied it injunctive relief. It claims that the denial was caused by the court improperly shifting the burden of proof, pointing to language in the court's order, "Here, the [Association] seeks a permanent injunction and it is [the Association's] burden to prove by a preponderance of the evidence that the denial was not based on arbitrary or capricious grounds." The Association argues that it had no such burden and further asserts that Myles presented no evidence on that issue. "Where, as here, the declaration delegates decision-making authority to a group and that group acts, the only judicial issues are whether the exercise of that authority was procedurally fair and reasonable, and whether the substantive decision was made in good faith, and is reasonable and not arbitrary and capricious."[1]

Here, the Association claimed that Myles violated the covenant by adding a second driveway without first obtaining the Association's

---

[1] *Saunders v. Thorn Woode Partnership*, 265 Ga. 703, 704 (2) (462 SE2d 135) (1995).

approval. It denied Myles's subsequently submitted request. Myles admitted that he did not have approval to install the second driveway, but he asserted that the Association's denial was procedurally unfair and substantively arbitrary and capricious. Because proof of that assertion was essential to his defense, the burden of proving that affirmative defense by a preponderance of the evidence rested on Myles.[2] Contrary to the Association's assertion, the record shows that Myles produced prima facie evidence to that effect through his own testimony, the testimony of his wife, and photographs. Therefore, the burden of producing rebuttal evidence shifted to the Association.[3]

The Association put forth no basis for a finding that it had not acted as asserted. Rather, it pointed to what it considered to be weaknesses in Myles's defense. Although the Association's attorney referred to meeting minutes of the board and the ARC, he did not introduce any minutes into evidence. And although the Association's board member testified that the ARC had "considered" Myles's request, the board member went on to admit that he was not a member of the ARC at that time, was not present when it met regarding Myles's request, and did not know why the request was denied.

We agree with the Association that Myles had the burden of proving his defense. And we find that Myles presented uncontradicted circumstantial evidence of his affirmative defense.[4] Under these circumstances, because we find that the evidence authorized the trial court's ruling,[5] we cannot say that the court manifestly abused its discretion in denying the injunction.

2. Based on our decision in Division 1, the Association's contention that the trial court should have granted it attorney fees pursuant to OCGA § 13-6-11 because Myles acted in bad faith in forcing it to file suit is moot.[6]

3. The Association contends the trial court erroneously denied it summary judgment, asserting that it made its prima facie case and

---

[2] See *Hawkins v. Davie*, 136 Ga. 550, 551-552 (1) (71 SE 873) (1911); *Metro. Publishers Representatives v. Arnsdorff*, 153 Ga. App. 877, 878 (1) (267 SE2d 260) (1980); *Williamson, Inman & Co. v. Thompson*, 53 Ga. App. 821, 827 (9) (a) (187 SE 194) (1936); OCGA § 24-4-1.

[3] See *Hawkins*, supra.

[4] Compare *Spratt v. Henderson Mill Condo. Assn.*, 224 Ga. App. 761, 763-764 (1) (481 SE2d 879) (1997) (summary judgment in favor of the homeowners' association was proper where defendant/homeowner pointed to no evidence that the request was treated any differently than other similar requests and evidence showed that association deliberated for over an hour before denying homeowner's request based on specific reasons).

[5] See *Southern R. Co. v. Ga. Kraft Co.*, 258 Ga. 232 (367 SE2d 539) (1988); compare *Frazier v. Ga. R. & Banking Co.*, 108 Ga. 807 (33 SE 996) (1899).

[6] See *Bennett Street Properties v. CSX Transp.*, 248 Ga. App. 686, 688 (2) (548 SE2d 619) (2001); *Russell Corp. v. BancBoston Financial Co.*, 209 Ga. App. 660, 663 (6) (434 SE2d 716) (1993).

Myles failed to respond. Because the case went to trial and the court rendered judgment, this contention is moot.[7]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 20, 2001.

*Weissman, Nowack, Curry & Wilco, Derek W. Johanson*, for appellant.

*Richard G. Harwell, Sr.*, for appellee.

Joe E. Myles, *pro se*.

---

[7] *Telecash Investments v. Lagrone*, 241 Ga. App. 66, 69 (2) (525 SE2d 112) (1999); *Weir v. Kirby Constr. Co.*, 213 Ga. App. 832, 836 (4) (446 SE2d 186) (1994).