## A97A2289. GRIFFIN v. TRAVELERS INSURANCE COMPANY.

(497 SE2d 257)

BLACKBURN, Judge.

Lujames Griffin appeals the trial court's grant of Travelers Insurance Company's motion for summary judgment. The underlying action was brought to recover benefits for the medical treatment of Griffin's daughter under a group health insurance policy issued to her employer, the City of Nahunta, Georgia, by The Travelers Insurance Company. Relying on OCGA § 33-24-7, Travelers filed a counterclaim for rescission of the daughter's coverage on the grounds that Griffin's application for insurance contained material misrepresentations about her daughter's health history, which the trial court granted. We affirm the decision of the trial court as the appellate record is inadequate to permit this Court to do otherwise.

A grant of a motion for summary judgment is proper when there is no issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). This Court applies a de novo standard of review to a grant of summary judgment, and the evidence must be viewed in the light most favorable to the nonmoving party. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

OCGA § 33-24-7 (b) provides that "[m]isrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: (1) [f]raudulent; (2) [m]aterial either to the acceptance of the risk or to the hazard assumed by the insurer; or (3) [t]he insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise."

Griffin applied to Travelers for group health insurance coverage for both herself and her daughter. Travelers contends that Griffin filled out only one policy application in which she omitted material details of her daughter's former health problems. Griffin, on the other hand, contends that she filled out two applications, one for herself and a separate one for her daughter. In her deposition, the majority of which is not of record, Griffin indicated that "I do not know if I did [a separate application]."[1] Griffin further stated that the applications she filled out were never attached to the policy.

In support of its motion for summary judgment based on OCGA § 33-24-7, Travelers filed a brief with a number of exhibits, including

---

[1] This quote was taken from an excerpt of Griffin's deposition contained in Travelers' motion for summary judgment.

Griffin's deposition and affidavits from Travelers' employees with regard to Griffin's application. In its order granting summary judgment, the trial court indicated that it "considered the entire record, including *all evidence* and all briefs submitted by the parties." (Emphasis supplied.)

On May 8, 1997, Griffin filed a notice of appeal to this Court in which she directed the clerk to omit from the record "Correspondence, Depositions, and exhibits to the Defendant's Motion for Summary Judgment." In her brief, Griffin framed the issues to be considered on appeal as follows: "1. Whether an application for insurance which is not attached to a policy or certificate of insurance may be used by an insurer to rescind the policy pursuant to OCGA § 33-24-7; 2. Whether an insurer who does not attach the application to the policy or certificate of insurance may nonetheless avoid coverage under the policy because of fraud in the inducement to enter the contract, without the insurer repudiating the entire contract; and 3. Whether Griffin's testimony that she had in fact filled out a separate application for her daughter creates a question of fact as to whether there existed fraud in the inducement."

When an appellant omits evidence necessary for determination of issues on appeal affirmation is required. *Bennett v. Executive Benefits*, 210 Ga. App. 429 (436 SE2d 544) (1993). "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." Id. On appeal this Court is required to conduct a de novo review which, by definition, is impossible if the appellant omits the very evidence at the heart of our inquiry. By omitting the exhibits to Travelers' motion for summary judgment, that is exactly what Griffin did here.

Griffin argues that this fatal defect in the record is cured because Travelers' brief supporting its motion for summary judgment includes the relevant portions of Griffin's deposition on which the trial court depended. However, the trial court's order does not indicate that it relied on only a portion of the deposition. To the contrary, it states that it relied on *all* the evidence available. "Since we have no indication of the testimony that precedes or follows the deposition excerpts . . . our record is incomplete, and we are bound to assume that the trial court's findings are supported by sufficient competent evidence, for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction." (Punctuation omitted.) *Mullins v. Columbia County*, 202 Ga. App. 148, 150 (413 SE2d 489) (1991). Additionally, the depositions of Travelers' employees have been completely omitted, and we therefore lack crucial evidence regarding both Griffin's application to Travelers and

the circumstances regarding Travelers' initial acceptance of that application.

We must emphasize that our ruling here in no way limits the responsibilities placed on an appellee pursuant to Court of Appeals Rule 27 (b). That rule requires an appellee to "point out any material inaccuracy or incompleteness of statement in the appellant's brief and any additional statement deemed necessary, plus such additional parts of the record or transcript deemed material. Failure to do so shall constitute consent to a decision based on the appellant's statement. Except as controverted, appellant's statement of facts may be accepted by this Court as true." While this rule requires appellee to point out discrepencies in the record, it does not shift the burden to it to produce the portions thereof required for appellate review which were inappropriately omitted by an appellant. As Travelers has complied with Rule 27 (b) in this case, pointing out the omitted portions of the record and controverting Griffin's statement of facts, Travelers' arguments herein are both viable and persuasive.

Because the record before us is incomplete, we affirm the decision of the trial court. Although we have decided to consider Griffin's reply brief in this case, her motion to supplement the record is denied.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 6, 1998 —
RECONSIDERATION DENIED FEBRUARY 20, 1998

*Walter D. Adams, Robert C. Harper,* for appellant.
*Carter & Ansley, H. Sanders Carter, Jr., Kenton J. Coppage,* for appellee.