## A98A1752. WHITE v. CAUTHEN et al.
### (509 SE2d 140)

BLACKBURN, Judge.

David White appeals the trial court's grant of summary judgment to the defendants, Ellen Cauthen and Rush Utley, in the underlying breach of contract action. Because we have previously decided the issue presented by this appeal adversely to White, we affirm the decision of the trial court.

"A grant of a motion for summary judgment is proper when there is no issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). This Court applies a de novo standard of review to a grant of summary judgment, and the evidence must be viewed in the light most favorable to the nonmoving party. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991)." *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665 (497 SE2d 257) (1998).

So viewing the evidence, it reveals that on October 14, 1996, White and the defendants entered into a contract by which White agreed to build a residential house for the defendants on a certain piece of property in Putnam County, Georgia. The contract estimated that the cost for the house was $233,000 including the builder's fee. On May 5, 1997, White signed a "Contractor's Affidavit Upon Final

Payment" in which he averred that "the agreed upon price or reasonable value of the labor, services and materials has been paid and the Contractor waives and releases any and all liens or claims of liens it has upon the foregoing described property." Such affidavit is regular on its face in that it bears the signature and stamp of a notary public. In reliance on White's affidavit, the defendants closed on the subject property on May 16, 1997. On July 17, 1997, White filed the underlying action asserting that he was owed an additional $38,000.

In response to defendants' motion for summary judgment, White filed an affidavit in which he averred that no witnesses were present when he signed the Contractor's Affidavit in his home office. He further averred that he then mailed the document to the closing attorney's office where it was later notarized. White contends that, because he did not sign the Contractor's Affidavit in front of a notary public, it was not a sworn statement upon which the defendants were entitled to rely. We cannot agree.

White asserts that his affidavit should have no force or validity in the absence of a valid jurat. We addressed this issue in the similar case of *Walk Softly v. Hyzer*, 188 Ga. App. 230 (372 SE2d 500) (1988). In *Walk Softly*, a contractor brought suit asserting a labor and materialmen's lien against the purchasers of a home he had constructed. At the closing of the sale on this home, the contractor executed a builder's affidavit swearing that there were no outstanding bills or liens on the property. On appeal from the trial court's grant of the defendant's motion for summary judgment, the contractor asserted that he "did not know what he was signing and was not sworn as required by the statute" thereby precluding summary judgment on the basis of the affidavit. We rejected this argument and held that "an affidavit regular on its face, but challenged on the ground it was not properly sworn to or notarized, is as a matter of law sufficient *if* there is an absence of any evidence indicating that the owner was aware of the irregularity, or allegations and proof of fraud and/or collusion." (Punctuation omitted.) Id. at 233.

"The issue is not whether the purchaser observed the execution of the affidavit alleged to be irregular, but whether the *purchaser* was entitled to rely on its validity. The record before us here shows that the documents executed at the closing contained a signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, which is a lawful affidavit." (Punctuation omitted; emphasis supplied.) Id. Although the suit in *Walk Softly* was based on the existence of a lien, see OCGA § 44-14-361.2, rather than a breach of contract action, our determination regarding the proper procedure when an affidavit is challenged by the affiant applies equally to either situation. See also *Balest v. Sim-*

*mons*, 201 Ga. App. 605, 608 (411 SE2d 576) (1991) (contractor is estopped from asserting a claim for breach of contract in contravention to the sworn admissions in his affidavit).

White relies on *Phoebe Putney Mem. Hosp. v. Skipper*, 226 Ga. App. 585 (487 SE2d 1) (1997) cert. granted (physical precedent only), for the proposition that his affidavit was invalid because it did not contain a proper jurat. *Phoebe Putney* is not binding authority, and is distinguishable in any event. Therein, the opposing party, the defendant, claimed that the plaintiff's affidavit filed pursuant to OCGA § 9-11-9.1 was invalid. The affiant himself did not challenge the validity of his own affidavit. Additionally, White averred that he told the defendants prior to the closing that he was owed more money. However, as in *Balest*, supra at 608, White's affidavit executed in connection with this litigation contradicts his testimony in the Contractor's Affidavit and it must be construed against him because no explanation for the contradiction was offered. See id. Additionally, White admits signing the Contractor's Affidavit which therefore, can be used as an admission against him in the underlying action.

Based on the foregoing, the trial court properly granted the defendants' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 12, 1998.

*Lawrence, Ford & Ridgeway, Francis N. Ford*, for appellant.
*Blasingame, Burch, Garrard, Bryant & Ashley, Lloyd N. Bell*, for appellees.