### A10A1341. KAPPELMEIER v. PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.

(701 SE2d 488)

McMURRAY, Senior Appellate Judge.

Proceeding pro se, Gottfried A. Kappelmeier commenced the instant action alleging that he was a defrauded policyholder of Prudential Insurance Company of America and asserting multiple violations of the Georgia Racketeer Influenced and Corrupt Organizations Act, OCGA § 16-14-1 et seq. The trial court subsequently granted summary judgment in favor of the defendants, Prudential Insurance Company of America, Stephen W. Crook, Robert Burke, and Arthur F. Ryan, and dismissed all of Kappelmeier's claims with prejudice. Kappelmeier appeals, contending that the trial court erred in granting summary judgment to the defendants and in declining to enter his proposed pretrial order. Finding no error, we affirm.

1. Kappelmeier contends that the trial court erred in granting summary judgment to the defendants. In its summary judgment order, the trial court stated that its decision had been reached after reviewing, among other things, the motions for summary judgment and accompanying briefs filed by the defendants. Yet, in his notice of appeal as amended, Kappelmeier directed the clerk of court to omit from the record all of the pleadings and submissions filed by the defendants relating to their motions for summary judgment.

> When an appellant omits evidence necessary for determination of issues on appeal affirmation is required. It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. On appeal[,] this Court is required to conduct a de novo review which, by definition, is impossible if the appellant omits the very evidence at the heart of our inquiry.

(Citations and punctuation omitted.) *Griffin v. Travelers Ins. Co.,* 230 Ga. App. 665, 666 (497 SE2d 257) (1998). Because Kappelmeier has purposefully omitted materials relevant to our inquiry into whether summary judgment was appropriate, we presume that the trial court's order granting summary judgment to the defendants was correct and affirm.[1] See id.

2. Kappelmeier further contends that the trial court erred in

---

[1] Kappelmeier also contends that the defendants' attorneys of record were "unauthorized" to file motions for summary judgment on their behalf. Again, however, Kappelmeier

failing to enter his proposed pretrial order. The issue is moot, however, in light of our decision in Division 1 affirming the grant of summary judgment to the defendants and the dismissal of Kappelmeier's claims with prejudice. In any event, the record does not contain a specific ruling by the trial court on the proposed pretrial order, and Kappelmeier "cannot show reversible error by the trial court in the absence of [such] a ruling." *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 184 (1) (558 SE2d 411) (2001). See *Intl. Assn. &c. Local 387 v. Moore*, 149 Ga. App. 431, 433 (4) (254 SE2d 438) (1979).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 24, 2010 —
RECONSIDERATION DENIED SEPTEMBER 14, 2010 — ▆▆▆▆▆▆

Gottfried A. Kappelmeier, *pro se*.

*Alston & Bird, Ryan J. Lewis, Smith, Moore & Leatherwood, Kenton J. Coppage, Dennis, Corry, Porter & Smith, Michael P. Johnson*, for appellees.

---

purposefully omitted from the record the pleadings filed by the defendants in response to this contention when it was raised in the court below. Hence, we must presume that the trial court's ruling on the issue was correct. See *Griffin*, 230 Ga. App. at 666.