### A10A1154. BLAZI et al. v. RICH et al.

(702 SE2d 768)

POPE, Senior Appellate Judge.

In this litigation arising out of the purchase and sale of a residential home, Gregg A. Rich and Charity Faith Rich sued Grey Wolf Homes, LLC and Eric Blazi for breach of contract, failure to construct the home in a fit and workmanlike manner, negligent construction, fraud and conspiracy to commit fraud. The defendants filed a motion for summary judgment, which the trial court denied. The case proceeded to trial, the trial court denied the defendants' motion for a directed verdict, and the jury awarded $437,659.34 in damages and attorney fees in favor of the plaintiffs and against defendant Blazi individually. Blazi then moved for judgment not-

---

[43] *Miller v. State*, 235 Ga. App. 724, 725-726 (510 SE2d 560) (1998).

withstanding the verdict ("j.n.o.v.") and for a new trial, and the trial court denied these motions. Blazi now appeals. For the following reasons, we affirm.

1. Blazi contends that the trial court erred in denying his motion for summary judgment because the uncontroverted evidence showed that the alleged defects in the home were not hidden but readily observable through a reasonable inspection and because the plaintiffs failed to demonstrate justifiable reliance. But "[a]fter a case is tried, an appellate court will not review the denial of a motion for summary judgment because that issue became moot upon the trial." (Citations omitted.) *Sanders v. Bowen*, 196 Ga. App. 644 (1) (396 SE2d 908) (1990). See *Oakhurst Presbyterian Church v. Hendrix*, 298 Ga. App. 226 (1) (679 SE2d 742) (2009); *Southland Owners Assn. v. Myles*, 252 Ga. App. 522, 524-525 (3) (555 SE2d 530) (2001). Because the denial of Blazi's motion for summary judgment presents nothing for us to review, this enumeration of error lacks merit. See *Oakhurst Presbyterian Church*, 298 Ga. App. at 226 (1).

2. Blazi next contends that the trial court erred in denying his motions for directed verdict, for j.n.o.v. and for a new trial. According to Blazi, the trial court should have granted his motions for the same reasons set forth in his motion for summary judgment and because the "Seller's Property Disclosure Statement" that accompanied the sales contract limited his liability to certain representations and disclosures contained therein that the uncontroverted evidence at trial showed were not false.

Blazi, however, elected not to provide a complete transcript of the trial testimony for inclusion in the record on appeal. As such, we do not have before us a complete recitation of the witness testimony presented by the plaintiffs at trial to support their claims, which clearly would be necessary where, as here, the defendant alleges that the plaintiffs presented no evidence on certain points.

> When an appellant omits evidence necessary for determination of issues on appeal[,] affirmation is required. It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. [Our review] is impossible if the appellant omits the very evidence at the heart of our inquiry.

(Citation and punctuation omitted.) *Kappelmeier v. Prudential Ins. Co. of America*, 306 Ga. App. 58 (1) (701 SE2d 488) (2010). See *Martinez v. Martinez*, 301 Ga. App. 330, 332-333 (2) (687 SE2d 610)

(2009); *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998). Given that Blazi has omitted materials from the record pertinent to our inquiry into whether the trial court erred in denying his motions for directed verdict, for j.n.o.v. and for a new trial, we must presume that the trial court's rulings were correct and affirm. See *Kappelmeier*, 306 Ga. App. at 58 (1).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 20, 2010.

*O'Neal, Long, Hall & Gurd, Michael J. Long*, for appellants.
*Amy Dever*, for appellees.