**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 1, 2017**

# In the Court of Appeals of Georgia

A16A1931.   CANADY   v.   CUMBERLAND   HARBOUR
PROPERTY OWNERS ASSOCIATION, INC.

BARNES, Presiding Judge.

Edward R. Canady, d/b/a EC2 (hereinafter "Canady"), appeals from the orders of the trial court granting Cumberland Harbour Property Owners Association, Inc., ("the Association") summary judgment on its claim for unpaid assessments, and denying his motion for reconsideration. Upon our review, we affirm.

The record reflects that Canady purchased eight lots at tax sales, and the Association sued Canady to recover unpaid assessments on the lots. Canady purchased the lots at tax sales on February 1, 2011, September 6, 2011, and April 3, 2012, and the Association sought an award of assessments for each lot from the time of the tax sales until December 31, 2015. On September 14, 2015, the trial court entered an order granting summary judgment to the Association in which it found Canady "holder of legal title to the properties . . . [and] liable to [the Association] for

dues and assessments as a matter of law." The order directed the Association to prepare a proposed judgment and submit it to Canady, "who shall have ten days from the date of service of the proposed judgment to file objections thereto."

On October 13, 2015, the Association filed its proposed judgment for $66,362.00, including $46,383.10 for regular assessments unpaid from the time of the tax sales through December 31, 2015 with supporting affidavits. Canady did not respond to the filing by objection or otherwise within ten days as directed by the trial court. Instead, on December 29, 2015, a new attorney filed a notice of appearance as counsel of record for Canady and requested an evidentiary hearing on all issues regarding damages. The trial court denied the motion, holding that "[t]here is no 'damages hearing' or contested proceeding when liquidated damages are involved," and that the proposed order was to "provide counsel for [Canady] . . . an opportunity to comment solely on the amount claimed to be due . . . [and] not re-argue the merits." The trial court found that the Association was entitled to recover all sums due from the tax sales until September15, 2015, the day summary judgment was granted, and directed the Association to submit a proposed judgment so reflecting.

Thereafter, Canady filed a "Motion to Reconsider Summary Judgment, to Determine the Damages Which Are Owed and/or to Change the Law." In the motion,

2

Canady requested that the trial court reconsider his liability for fees and assessments between the date of his purchase of the tax deeds and August 6, 2014, the date on which he had properly barred the Association's right of redemption. See OCGA § 48-4-45 (a) (1) (C).[1] He maintained that since he could not have recovered homeowners association dues and assessments paid by him from the owner of the property if the right of redemption had been exercised, he should not be personally liable for those charges that accrued between the time he purchased the tax deed until the date when the right of redemption had been extinguished.

The trial court denied the motion for reconsideration, holding, among other things, that Canady's argument was speculative and therefore not justiciable because Canady

> is not being called upon by [the Association] to pay homeowners[] association dues and assessments which he might not recover from the record owner of the property if the right of redemption was exercised. He is being asked to pay lawfully imposed dues and assessments which remain unpaid with respect to property he acquired by a tax deed which

---

[1] OCGA § 48-4-45 provides, in relevant part that "[a]fter 12 months from the date of a tax sale, the purchaser at the sale or his heirs, successors, or assigns may terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure," to be provided to, among others, persons having a lien upon the property. OCGA § 48-4-45 (a) (1) (C).

has ripened into fee simple title. This court cannot address the hypothetical question of whether Defendant's rights were violated by a statute and case law that *could have* deprived him of the ability to recover the cost of association obligations in the event the owner of the property has redeemed it. (Emphasis supplied)

Canady also filed a motion to reconsider that order in which he disputed the trial court's ruling as to absence of a justiciable controversy, which the trial court also denied. This appeal ensued.

1. Canady first contends that the trial court erred in holding him liable for the homeowners' assessments that came due between the time he purchased the properties at the tax sale and the date he barred the Association's rights of redemption. The assessments that were due after Canady bought the tax deeds constituted a lien on the property under OCGA § 44-3-232, and as a lienholder, the Association had a right of redemption that became barred, and its lien became extinguished, once Canady gave proper notice pursuant to OCGA § 48-4-45. Canady contends that because the liens were extinguished, he should not be liable for the debt underlying the now-extinguished liens.

We first note that in his notice of appeal, Canady specifically excluded from the record the Association's partial motion for summary judgment on liability and any

4

pleadings associated with the motion, including Canady's response.[2] In its order granting the Association's motion for summary judgment, the trial court found that Canady "[a]s current holder of legal title to the properties . . . is liable to [the Association] for dues and assessments as a matter of law." And, in denying Canady's motion for reconsideration and request for a hearing, the trial court held that since the parties "have adequately addressed the issues of law presented by this case in their briefs, the Court determined that no hearing is necessary."

"On appeal [of the grant of a motion for summary judgment,] this Court is required to conduct a de novo review which, by definition, is impossible if the appellant omits the very evidence at the heart of our inquiry." *Griffin v. Travelers Ins. Co.*, 230 Ga. App. 665, 666 (497 SE2d 257) (1998). "[T]he grant of summary judgment . . . requires that each party on motion for summary judgment *present their case in full*." (Citations omitted; emphasis supplied.) *Sands v. Lamar Properties*, 159 Ga. App. 718, 720 (285 SE2d 24) (1981). And,

---

[2] Other documents specifically excluded from the record on appeal include the writ of fieri facias, a letter from the trial judge dated September 10, 2015, Canady's motion for summary judgment, and the Association's consolidated response to Canady's motion for summary judgment and reply to Canady's response to the Association's motion for summary judgment.

[i]n considering the grant of summary judgment, we and the trial court must look at the entire record . . . and where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. . . . Such omissions from the appellate record from matters on summary judgment generally prove fatal to appellate review since it must be assumed by a reviewing court that the trial court's grant of summary judgment is properly supported by the trial court record and since appellant has the burden of showing error affirmatively by the record on appeal.

(Citations and punctuation omitted.) *Redford v. Collier Heights Apartments*, 298 Ga. App. 116, 117 (679 SE2d 120) (2009).

Canady attempts to solely rely on the arguments maintained in his motions for reconsideration,[3] and to couch his appeal as only from the orders denying his two motions for reconsideration. However, Canady sought reconsideration from the grant of the Association's motion for summary judgment, which the trial court had granted after reviewing the motion and other relevant portion of the record, including the parties' briefs– essentially the materials Canady purposefully excluded from the

---

[3] He argued in his motion for reconsideration that his former counsel's arguments were "frivolously" and "incorrectly presented."

appellate record. When "the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Punctuation and footnote omitted.) *Tanks v. The Greens Owners Assn.*, 281 Ga. App. 277, 277 (635 SE2d 872) (2006); see *Kappelmeier v. Prudential Ins. Co. of Am.*, 306 Ga. App. 58, 58 (1) (701 SE2d 488) (2010).

Given that Canady has omitted material evidence from the record on appeal, we affirm the trial court's holding that Canady was liable for the assessments that came due between the time he purchased the properties at the tax sale and the date he barred all rights of redemption.

Moreover, contrary to Canady's contention that he was not liable for assessments during the period of time that the Association had a lien on the properties, per this Court's holding in *Croft v. Plantation Property Owners Assn.*, 276 Ga. App. 311 (623 SE2d 531) (2005), Canady "acquire[d] an interest in the property even during the time within which it might be redeemed, which is sufficient to render him liable for taxes accruing upon the property [and] . . . this interest is also sufficient to render [Canady] liable for homeowners association assessments." Id. at 314 (1). With that being so,

[a] contrary holding would result in a situation in which a tax deed purchaser could, by inaction, keep the redemption period alive indefinitely, reap the benefit of property value increases, and avoid the obligation to pay maintenance expenses which increase the value of the property. It would be inequitable to allow a tax deed holder to obtain the benefit of restrictive covenants that require the homeowners association to maintain the surrounding amenities such as roads and common areas, all of which increase the value of the property purchased at the sale, without having to pay a proportional share of the cost of these benefits for an indefinite period of time.

(Punctuation and footnote omitted.) Id. at 314 (1).

It makes no difference that, as Canady maintains, here, unlike *Croft*, he actually barred the Association's right of redemption.[4] His defeasible title acquired upon purchase of the properties at the tax sale was "sufficient to trigger automatic membership in the Association," and render him liable for the assessments even during the time in which the property might be redeemed. *Croft*, 276 Ga. App. at 313 (1). Nor are we persuaded by Canady's assertion that *Croft* was incorrectly decided

[4] Pursuant to OCGA § 48-4-40, title in land sold at a tax sale can be restored to the owner at the time of the sale, referred to as the "defendant in fi. fa.," through the payment of the statutory amount of redemption (a) at any time within 12 months from the date of the tax sale, and (b) at any time after the tax sale until the right to redeem is foreclosed by the tax deed purchaser giving of the notice prescribed by OCGA § 48-4-45.

because it prevents investors from recouping their investments or making a profit because homeowners association assessments are not included in the redemption price. Whether to include such assessments in the redemption price is a policy matter best left to the legislature. Indeed, the General Assembly recently amended OCGA § 48-4-42 to add the amount paid to a homeowners association to the redemption price for any sale made after July 1, 2016. See OCGA § 48-4-42 (c) (3); Ga. L. 2016, p. 793, § 2/HB 51.

Accordingly, contrary to Canady's assertion, a tax sale purchaser of property is liable per *Croft* and OCGA § 48-4-42 for the payment of homeowners assessments that accrued on the property after the tax sale during the redemption period.

2. The trial court found in its motion to reconsider the grant of summary judgment to the Association that Canady had not suffered a concrete injury because the properties he purchased at the tax sales were not redeemed, and that his argument therefore was hypothetical and not justiciable. The issue of the presence of a justiciable controversy "is a jurisdictional one, inasmuch as no court — trial or appellate — has jurisdiction of the subject matter in a case that presents no justiciable controversy. . . . And this Court has an obligation to inquire into its jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction." *Fulton*

9

*County v. City of Atlanta*, 299 Ga. 676, 676, n.2 (791 SE2d 821) (2016 ). "A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot.*" Mullin v. Roy*, 287 Ga. 810, 812 (3) (700 SE2d 370) (2010). In this case, the Association was awarded homeowners association assessments from the date of the tax sales until the date the summary judgment was entered. Canady's contention was that the assessments should not have been included in the damages award. Clearly, the issue was justiciable.

However, the trial court's order granting summary judgment to the Association was correct as demonstrated in Division 1, and a judgment right for any reason must be affirmed. See *Pinnacle Properties V, LLC v. Mainline Supply of Atlanta*, 319 Ga. App. 94, 99-100 (1) (b) (735 SE2d 166) (2012) ("[A] grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed.") (punctuation omitted).

*Judgment affirmed. Rickman and Self, JJ., concur*.